Sam G. CANNOTT, Appellee,

v.

Royal JENNINGS, Appellant.

No. 55168.

Supreme Court of Iowa.

Nov. 15, 1972.

Rehearing Denied Jan. 10, 1973.

Royal Jennings, pro se.

Russell R. Newell, Columbus Junction, for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, REES and REYNOLDSON, JJ.

PER CURIAM:

This appeal is from a judgment in favor of plaintiff and against defendant in a law action brought by plaintiff in two counts. The first count is based on a claimed oral contract for the performance of certain construction work and bulldozing allegedly performed by plaintiff for defendant in building a farm pond and shaping waterways. In the second count plaintiff sought recovery for the reasonable value of the same work on a quantum meruit basis. Defendant counterclaimed for damages, asserting the work was done in a negligent and unworkmanlike manner, and also claimed exemplary damages contending plaintiff's conduct was willful and that he was guilty of indifference and gross negligence. Trial court found for plaintiff on the basis of the claimed oral contract, and dismissed defendant's counterclaim. Judgment was entered in favor of plaintiff and against defendant in the sum of $1988.59, with interest and for costs. Defendant now appeals, and we affirm.

We note here defendant appears *pro se*. He was represented by counsel in the trial court, and apparently had the benefit of counsel at the time his notice of ap-

peal was filed. No abstract of record was filed as is required by rule 340, Rules of Civil Procedure, although appellant did file one copy of the reporter's transcript. Appellant does not point out errors upon which he relies for reversal, cites no authorities, and does not argue brief points as contemplated by rule 344, R.C.P. For such deficiencies, this court could summarily affirm, since errors not assigned or argued shall be deemed waived. Rule 344(a)(4)(Second), R.C.P.; State v. Masters, 171 N.W.2d 255 (Iowa 1969), cert. den. 397 U.S. 1052, 90 S.Ct. 1391, 25 L.Ed. 2d 667.

In the interests of justice, however, we are disposed to consider the appeal on its merits. We have read the transcript exhaustively, and have also considered the arguments advanced by defendant in the letter-form material that he has filed here. We conclude therefrom defendant contends trial court erred in that its findings of fact were not supported by substantial evidence.

Plaintiff contends that in the fall of 1968 he was contacted by defendant to do certain heavy equipment work, which included clearing, constructing a farm pond and shaping and forming certain waterways. His testimony indicates he advised the defendant the work would be done on an hourly basis, or upon cost estimates developed by the service engineers for the Soil Conservation Service. Plaintiff testified defendant was in agreement that the work should be done based upon the project cost estimates.

It is the defendant's contention, however, the parties agreed the work should be done on the basis of rates established by the Government as set forth in a handbook developed by the Agriculture Stabilization & Conservation Service.

The trial court made extensive findings of fact, and in accordance therewith reached the conclusion plaintiff was entitled to judgment against the defendant for the sum of $1988.59 and for interest and costs. Trial court further concluded de-

fendant had failed to establish the existence of any claim against the plaintiff, and that defendant's counterclaim should be dismissed.

 I. After an exhaustive reading of the transcript and of all of the documents before us, including a lengthy dissertation on the controversy in letter form prepared by defendant, we are forced to the conclusion trial court's findings were supported by substantial evidence. Rule 344(f)(1), R.C.P., provides, "Findings of fact in a law action, which means generally any action triable by ordinary proceedings, are binding upon the appellate court if supported by substantial evidence." Our review here is not *de novo*, and we are limited to considering the court's findings of fact in this jury-waived case as having the effect of a special verdict. Rule 334, R.C.P.; In re Cory's Estate, 184 N.W.2d 693, 695 (Iowa 1971).

Based upon our conclusion that trial court's findings of fact were supported by substantial evidence, we find no error, and affirm the trial court.

Affirmed.