**Paula Dugan FORSYTH,**
**Appellee,**

v.

**Marvin Wayne FORSYTH,**
**Appellant.**

**No. 55460.**

Supreme Court of Iowa.

Sept. 19, 1973.

M. Wayne Forsyth, Cedar Rapids, pro se.

Heard before MOORE, C. J., and MASON, REYNOLDSON, HARRIS and McCORMICK, JJ.

REYNOLDSON, Justice.

This is another episode in a long, bitter, post-divorce struggle which first surfaced here in Forsyth v. Forsyth, 172 N.W.2d 111 (Iowa 1969). We there changed custody of both children involved from their mother (plaintiff) to their father (defendant), and approved trial court's property settlement.

On this occasion trial court combined for hearing several filings, including defendant's application for construction of the divorce decree relative to property rights, plaintiff's motion for attorney fees, and plaintiff's application to modify decree to regain custody. Trial court denied plaintiff's motion and application, and made specific findings and orders regarding various facets of the property controversy. Only defendant, pro se, appeals. We do not dismiss his appeal even though it might be summarily dismissed for failure of his brief to cite authority and argue brief points. See rule 344(a), Rules of Civil Procedure; Cannott v. Jennings, 202 N.W. 2d 48 (Iowa 1972). No brief is filed for the plaintiff. We affirm in part reverse in part, and remand.

I. The divorce decree entered May 2, 1968 provided:

"3. It is further ordered that by way of property settlement that all items purchased or contracted for prior to the marriage by either of the parties hereto shall be the property of the one so contracting or who has purchased the same except the silver hollow ware shall go to the defendant. Any items received after the marriage from the families or friends of the parties shall return to and become the property of the party whose family or friends contributed same. All items remaining after the above division shall be divided equally and this defendant counter-claimant shall pay to the plaintiff one-half of the value of any items or property which is impossible to divide in kind, and with particular regard to the real estate herein this de-

fendant shall pay to the plaintiff one-half of the equity therein based upon the purchase price of said property, and upon making such payment to the plaintiff, the plaintiff shall execute a quit-claim deed as to the said property to the defendant herein.

"4. The children's bedroom furniture shall go to the plaintiff and she shall receive her own bedroom furniture. The den room furniture shall go to the defendant, also his bedroom furniture, player piano and TV. All debts incurred by either party for the purchase of personal property shall be assumed by the party incurring such debt."

Apparently on the first appeal attention of both the court and the parties was riveted on the child custody issue. In retrospect, and given the now-demonstrated propensity of these parties for controversy, the decree's property provisions were an open invitation to fight.

At some point plaintiff broke into defendant's residence and made her own property division. Defendant relentlessly pursues items of property of inconsequential value. A further complication is caused by trial court's interpretation of the decree provision, " * * * purchased or contracted for prior to the marriage * * * " to mean, " * * * purchased or contracted for prior to the contemplation of the marriage * * *." We find no support for such "interpretation," nor for several other portions of trial court's findings and order.

Without further encumbering this opinion with detailed reasons of small precedential value, we hold as follows on various aspects of trial court's ruling:

1. We agree the diamond ring set shall remain plaintiff's property, not for the reason assigned by trial court, but because it is in the category of wearing apparel and personal effects. Neasham v. McNair, 103 Iowa 695, 72 N.W. 773 (1897); 35 C.J.S. Exemptions § 53, p. 106; 41 C.J.S. Hus-

band and Wife § 237, pp. 726–727. Consideration of pertinent parts of the divorce decree persuades us it intended a division of household furniture, equipment and effects and not a redistribution of the parties' wearing apparel and personal effects. The latter remain the separate property of the respective owner.

2. We agree plaintiff may keep the two pieces of "living room sectional" now in her possession, not because this furniture was purchased by defendant in contemplation of marriage, under trial court's interpretation of the decree, but because we are persuaded it was purchased by both parties. This furniture was therefore the property of both parties, and its division was rightfully confirmed by trial court.

■ 3. We cannot agree the children's desk and toy box are a part of the children's bedroom furniture awarded plaintiff in the divorce decree. These items shall be returned to defendant for use by the children.

■ 4. We cannot agree plaintiff should be awarded the electric can opener. Plaintiff does not refute defendant's testimony this was a gift from defendant's brother. This item should be returned to defendant.

5. All of the other numerous provisions of the decree appealed from are affirmed, and the costs of this appeal are taxed to defendant.

■ II. Defendant does not directly complain of trial court's demeanor. However, we cannot ignore a situation which developed in the course of testimony. Defendant, responding to his counsel's question, said the children had complete freedom to see their mother. The court then volunteered, "Now, Mr. Forsyth, if you think I believe that statement, you are out of your cotton-picking mind * * *." In the prologue to his ruling, trial court referred to various filings in the cause, and

wrote, "The defendant withdrew his application to show cause after apparently being convinced by his attorney and the Court that such application was indicative of and emphasized his quibbling, hairsplitting, petty and picayune nature * * ."

American Bar Association Canons of Judicial Ethics, adopted by our rule 119, include the following rules of judicial conduct:

"2. The Public Interest.

Courts exist to promote justice, and thus to serve the public interest. * * * Every judge * * * should avoid unconsciously falling into the attitude of mind that the litigants are made for the courts instead of the courts for the litigants.

\*       \*       \*       \*       \*       \*

"5. Essential Conduct.

A judge should be temperate, attentative [sic], patient, impartial * * *.

\*       \*       \*       \*       \*       \*

"9. Consideration for Jurors and Others.

A judge should be considerate of jurors, witnesses and other in attendance upon the court."

Having struggled with the pleadings and proof on this appeal, we can appreciate the trial court's frustration, which was doubtlessly enhanced by the work load harassment faced by all our courts. But trial court's extraneous observations, measured by the canons set out above, cannot be condoned. Addressing ourselves now to the litigants, we disavow such statements as an appropriate part of any litigation in this state.

This case is affirmed in part, reversed in part, and remanded for a decree in conformance with division I of this opinion.

Affirmed in part, reversed in part, and remanded.