SNEED, Circuit Judge:
This case raises the question whether under the circumstances of this case a diamond ring having a fair market value of more than $3000 and described as “one emerald cut diamond of approximately four (4) carats in weight with two side diamonds” is exempt property pursuant to 11 U.S.C. § 24 (now 11 U.S.C. § 522(b)) and Cal.Civ.Proc. Code § 690.1. The bankruptcy judge held it was not, but on appeal from this decision the district court reversed and held that it was. In re Westhem, 459 F.Supp. 556 (C.D.Cal.1978). We affirm the district court.
As the district court pointed out, the facts are not substantially disputed. Emily Westhem’s original engagement ring had belonged to Andrew Westhem’s grandmother. A number of years ago it was stolen and the insurance proceeds were used to purchase the ring here in question. In this manner the ring which we hold to be exempt is linked to a former ring of great sentimental value. Emily Westhem also wears a wedding band which the trustee in bankruptcy has not put in issue.
The present section 690.1 of the California Code of Civil Procedure exempts “[njecessary household furnishings and appliances and wearing apparel, ordinarily and reasonably necessary to, and personally used by, the debtor and his resident family.” This provision has been given a liberal construction. Los Angeles Finance Co. v. *1140 Flores, 110 Cal.App.2d Supp. 850, 243 P.2d 139 (1952). The most comprehensive analysis of the “wearing apparel” exemption appears in In re Estate of Millington, 63 Cal.App. 498, 218 P. 1022 (1923). The Estate of Millington court recognized that, while no general rule could be drawn, “wearing apparel may include something more than mere clothing.” Id. at 504, 218 P. at 1024. However, that court pointed out, and in its holding confirmed, that “expensive diamonds worn as mere ornaments” were not exempt. Id. at 504, 218 P. at 1024-25. A further gloss on the wearing apparel exemption was provided by Los Angeles Finance Co. v. Flores, supra, where it was said:
“The determination of whether or not a certain article is exempted in the hands of a debtor ... involves a determination of whether or not under all the circumstances that article is necessary to be worn by that debtor .... ”
110 Cal.App.2d Supp. at 856, 243 P.2d at 143 (emphasis in original).
These principles require that we affirm the district court. It is not uncommon for an article that replaces another, to which great sentimental value had attached, to acquire a considerable portion of that value itself. An engagement ring also is not just another “expensive ornament.”
We restrict our holding to the facts of this case. It is not intended to state a general rule and should not be interpreted as making “expensive diamonds worn as mere ornaments” exempt property.
Affirmed.