In re Donald Allen ALLOWAY and Teresa Marie Alloway, FDBA The Dirt Doctor, Debtors.

Donald Allen ALLOWAY and Teresa Marie Alloway, FDBA The Dirt Doctor, Plaintiffs,

v.

OREGON BANK, Defendants.

Bankruptcy No. 682–07557.
Adv. No. 682–7242.

United States Bankruptcy Court, D. Oregon.

Aug. 30, 1983.

424

Barry Taub, Eugene, Or., for plaintiffs.

James P. Laurick, Portland, Or., for defendants.

## MEMORANDUM OPINION

C.E. LUCKEY, Bankruptcy Judge.

Plaintiff-debtors Donald and Teresa Alloway have filed this adversary proceeding to avoid a non-purchase money lien held by defendant Oregon Bank (Bank) on a 1966 Dodge dump truck, which the debtors claim is avoidable under 11 U.S.C. Section 522(f)(2)(B) as an exempt "tool of trade."

The debtors have claimed the vehicle as exempt to the value of $1,200.00 each in their joint Schedule B-4 filed with their petition on June 14, 1982, specifying O.R.S. 23.160(1)(d) as the statute creating the exemption.

O.R.S. 23.160(1) provides:

"(1) All property, including franchises, or rights or interest therein, of the judgment debtor, shall be liable to an execution, except as provided in this section and in other statutes granting exemptions from execution. If selected and reserved by the judgment debtor or the agent of the judgment debtor at the time of the levy, or as soon thereafter before sale thereof as the same shall be known to the judgment debtor, the following property, or rights or interest therein of the judgment debtor, except as provided in ORS 23.220, shall be exempt from execution."

O.R.S. 23.160(1)(d) provides:

"(d) A vehicle to the value of $1,200. As used in this paragraph 'vehicle' includes an automobile, truck, trailer, truck and trailer or other motor vehicle."

O.R.S. 23.160(1)(c) provides:

"(c) The tools, implements, apparatus, team, harness or library, necessary to enable the judgment debtor to carry on the trade, occupation or profession by which the judgment debtor habitually earns a living, to the value of $750.00. Also sufficient quantity of food to support such team, if any, for 60 days. The word 'team' in this paragraph does not include more than a span of horses or mules."

The debtors have chosen to exempt the truck under the provisions of O.R.S. 23.-160(1)(d) instead of O.R.S. 23.160(1)(c) but wish to characterize it as a "tool of trade" for purposes of 11 U.S.C. § 522(f)(2)(B) which provides:

"(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

.     .     .     .     .

(2) a nonpossessory, nonpurchase-money security interest in any—

.     .     .     .     .

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of debtor;"

Counsel for the debtors argues that property exemptable "under subsection (b) of this section," regardless of its characterization for qualification as exempt, is subject to § 522(f)(2) lien avoidance if it is a "tool of trade." Debtors contend that the dump

ruck is both a "vehicle" and a "tool of rade" and that the Bank's lien is avoidable.

■ The case law reflects the reluctance of courts to treat a motor vehicle as a tool of trade for purposes of 522(f)(2) lien avoidance. See, e.g., *In re Steele,* 8 B.R. 94 (Bkrtcy.S.D.1980); *Matter of Curry,* 18 B.R. 358 (Bkrtcy.Ga.1982); *In re Langley,* 21 B.R. 772 (Bkrtcy.Me.1982); *In re Lindsay,* 29 B.R. 25 (Bkrtcy.Or.1983); *Matter of Meyers,* 2 B.R. 603 (Bkrtcy.E.D.Mich.1980); *In re Tofstad,* 19 B.R. 34 (Bkrtcy.N.D.1982).

■ Some of these courts distinguish the liberal construction of exemption laws afforded a debtor and the much narrower interpretation appropriate to 522(f)(2) of the Code because the subsection deals with the avoidance of liens, not with the granting of exemptions. Unlike exemption provisions, lien-avoidance affects property rights of secured creditors. The legislative history of § 522(f)(2) clearly indicates that Congress sought to eliminate the evil of the threatening of repossession of household goods or other items having little actual value, but costly to replace, in order to extract a reaffirmation of the debtor's obligation to the secured creditor. See H.Rep. 95–595, 95th Cong., 2d Sess. (1978) 127, U.S. Code Cong. & Admin.News 1978, p. 5787. With regard to the propriety of classifying property as a motor vehicle and a tool of trade for purposes of § 522(f)(2), the court in *In re Sweeney,* 7 B.R. 814 (Bkrtcy.E.D. Wis.1980) stated at pages 818–19:

"A close inspection of subsections (2)(A), (B) and (C) of § 522(f) shows that the property described therein and subject to its terms is identical, word for word, to the property exemptions granted in § 522(d)(3), (4), (6) and (9). Having in mind the congressional purpose as set out above, we believe that the impact of § 522(f) should be limited to those particular categories of exempted property, and that as so limited, the section is constitutional. For example, in some cases, the section has been applied to a motor vehicle, which has been found to be a 'tool of the trade' of the debtor. We would not apply it in that fashion. As Congress has

specifically and separately exempted motor vehicles in § 522(d)(2), we would not include them in the property described in § 522(d)(6). Similarly, we do not believe that Congress intended that the so-called wild card exemptions of § 522(d)(1) and (5) should be subject to the lien avoidance provisions of § 522(f). The well-known rule that exemption statutes are to be liberally construed has been mentioned in a number of the decisions dealing with the validity of § 522(f), but it is important to remember that the direct thrust of the section in question deals not with the granting of exemptions, but with the *avoidance of liens.*" [Emphasis in original]

Oregon has "opted out" of the federal exemption scheme in 11 U.S.C. § 522(d). O.R.S. 23.305. The Oregon exemption scheme provides separate exemptions for vehicles and tools of trade. See O.R.S. 23.-160(1)(c) and (d) set out above. The rationale of *Sweeney,* supra, is applicable to the case at bar.

■ The debtors herein have claimed the truck exempt as a motor vehicle under O.R.S. 23.160(1)(d) in the amount of $1,200.00 for each as provided by the statute. They now wish to characterize the truck as a tool of trade for purposes of section 522(f) of the Code. Characterization of an item as one type of exempt property for one purpose and the same item as a different type of exempt property for another purpose (i.e. lien-avoidance) circumvents the Oregon legislative policy of specific dollar value limitation on the various types of exempt property where, as here, such treatment enhances the debtor's ability to avoid a lien on property of a kind the legislature intended be exempt only to the value of $750.00.

■ The debtors' reliance on the language of § 522(f) neglects the need to read it in connection with § 522(b) which in turn requires the consideration of the Oregon exemption scheme in the circumstance that Oregon has "opted out" of the federal exemption scheme.

Section 522(f)(2)(B) of the Bankruptcy Code makes no provision for avoidance of liens on motor vehicles, and therefore, the debtors are not entitled to avoid a consensual lien on the 1966 Dodge dump truck which they have exempted under the Oregon statutes as a vehicle with a higher allowable exemptable value.

Each party shall bear his, her or its own costs and attorney fees in these proceedings. This Memorandum Opinion contains the Court's Findings of Fact and Conclusions of Law and pursuant to Bankruptcy 7052, they will not be separately stated. Separate Judgment consistent herewith will be entered.