**In re Travis Mickey GILLETT, Tracy Ann Gillett, Debtors.**

**Bankruptcy No. 86–40455.**

United States Bankruptcy Court,
D. Montana.

Jan. 21, 1987.

James E. Preston, Billings, Mont., for debtors.

Scott Stanaway, Billings, Mont., for Credit Union.

Charles W. Hingle, Billings, Mont., trustee.

ORDER

JOHN L. PETERSON, Bankruptcy Judge.

At Butte in said District this 21st day of January, 1987.

A motion for relief from the automatic stay has been filed by the Valley Federal Credit Union to foreclose on their security interest in a 1968 Chevrolet Camero, presently in the possession of the Debtor. The Credit Union states the principal balance due stands at $6,035.23 plus interest as of July 31, 1986, while the value of the car does not exceed $4,406.82, thus alleging the Debtor lacks equity in the property. The Credit Union asserts a perfected security interest in the vehicle by the notice of its filing with the Montana Department of Motor Vehicles. Debtor disputes the validity of the perfected security interest, and suggests the Credit Union is further required to file a financing statement with either the Secretary of State or the County Clerk and Recorder's Office. The Credit Union concedes it made no filing with any governmental agency other than the Department of Motor Vehicles. The issue thus framed in the case of a motor vehicle, is the filing of a notice of lien with only the Department of Motor Vehicles sufficient to perfect a security interest in the property? The Debtor has claimed the vehicle as exempt in his schedules, valued at $999.00.

Discussion of the issue begins with Montana's provisions of the Uniform Commercial Code, Title 30 M.C.A (1985), provides, in pertinent part:

"30–9–302. When filing is required to perfect security interest—security interests to which filing provisions of this chapter do not apply. (1) A financing statement must be filed to perfect all security interests except the following:

* * *

(d) a purchase money security interest in consumer goods; but filing is required for a motor vehicle required to be registered, ...

* * *

(3) The filing of a financing statement otherwise required by this chapter is not necessary or effective to perfect a security interest in property subject to:

* * *

(b) the following statutes of this state: Title 61, Chapter 3 (the Montana motor vehicle provisions); ...

* * *

(4) Compliance with a statute or treaty described in Subsection (3) is equivalent to the filing of a financing statement under this chapter, and a security interest in property subject to the statute or treaty can be perfected only by compliance therewith ..."

The official comment to Section 30–9–302 provides the following clarity:

"( * * *

"8. Subsection (3) exempts from the filing provisions of this chapter transactions as to which an adequate system of filing, state or federal, has been set up outside this chapter and Subsection (4) makes clear that when such a system exists perfection of a relevant security interest can be had only through compliance with that system (i.e., filing under this chapter is not a permissible alternative).

* * * "

In addition to such central filing statutes, many states have enacted certificate of title loans covering motor vehicles. Subsection (3) exempts transactions covered by such loans from the general filing requirements of the Uniform Commercial Code.

Thus, a reading of the relevant statutes and comments reveals that motor vehicles are an exception to the general rule which requires the filing of a financing statement to properly perfect a security interest. Rather the statute requires compliance with Title 61, Chapter 3, which provides:

"61–3–103. Filing of security interests, rights, procedure, fees. (1) No security interest in a motor vehicle shall be valid as against creditors, subsequent purchases or encumbrances unless a lien notice, on a form approved by the department, that shows a security interest has been created, has been filed with the department as provided in this section ..."

In the present case, the Credit Union has complied with Section 61–3–103, by filing its lien notice with the Department of Motor Vehicles. No further steps were required by the creditor to perfect its security interest in the motor vehicle. Thus, the Valley Credit Union holds a perfected security interest in the motor vehicle.

The Debtor claims an exemption on the vehicle in the amount of $999.00, pursuant to Section 25–13–617, M.C.A. (1985). Valley Federal Credit Union places the obligation due at $6,035.23, while valuing the automobile at no greater than $4,406.82. The Debtor does not dispute the contention of lack of equity in the vehicle. The Trustee has filed a notice of no objection to the motion. The duly appointed Trustee is the representative of the Chapter 7 estate. 11 U.S.C. § 323.

The Court finds the Valley Federal Credit Union has a perfected security interest in the 1968 Camero automobile and that the Debtor lacks equity in the vehicle. Based on these findings,

IT IS ORDERED the automatic stay under Section 362 of Title 11 is terminated to allow Valley Federal Credit Union to exercise its statutory and contractual rights to the 1968 Camero, subject, nevertheless, to the claim of exemption of the Debtor in the amount of $999.00.

IT IS FURTHER ORDERED the Debtor take no further action which may result in additional liens or encumbrances being placed against the vehicle.