In re Ronald Lynn
**STANHOPE, Debtor.**

**Bankruptcy No. 484–00467.**

United States Bankruptcy Court,
D. Montana.

April 2, 1987.

Stephen C. Mackey, Billings, Mont., for debtor.

Charles W. Hingle, Billings, Mont., trustee.

**ORDER**

JOHN L. PETERSON, Bankruptcy Judge.

The Trustee has filed objections to the claim of exemptions of the Debtor in two items of personal property, a Rolex Presidential wrist watch valued at $5,000.00/$6,000.00 and a vehicle, unspecified, valued at $1,000.00.

Under 25–13–611, MCA, the Debtor may claim as exempt one clock and all wearing apparel. Exemption statutes are to be liberally construed for the benefit of the Debtor. *MacDonald v. Mercill,* 714 P.2d 132 (Mont.1986). Under 25–13–611, MCA, there is no dollar limit placed on the exemptions of a clock or wearing apparel and, in accordance with *MacDonald v. Mercill,* it would be improper for the Court to do so. *Id.* at 135. While the Debtor contends the watch is a "clock" within the meaning of § 25–13–611, MCA, I think the better reasoning is that it constitutes wearing apparel as held in *Morissey v. Carter,* 113 Okl. 182, 240 P. 727 (1925), where the Supreme Court of Oklahoma decided that "wearing apparel" is not confined to clothing but includes ornamentation, thereby holding a watch and chain may be wearing apparel. This position has been followed in *In re Goldberg,* 59 B.R. 201 (Bankr.Okl. 1986) and *In re Mims,* 49 B.R. 283 (Bankr. E.D.N.C.1985), where the court has cited a number of state court decisions holding the same result. The Trustee concedes such point, but argues that the watch valued at over $5,000.00 is a personal investment, not necessary wearing apparel. The Trustee relies on language from *In re Goldberg,* supra, which held a watch was exempt as wearing apparel, but a gold chain and gold ten dollar coin pendant were more than "just ornamentation", represented an investment and therefore not exempt. See also *Wikle v. Westhem,* 642 F.2d 1139 (9th Cir.1981), where the court held a $3,000.00 diamond ring was exempt as necessary wearing apparel, and was not an investment item. Under § 25–13–611, Montana exempts "all wearing apparel of the judgment debtor and family" without specify-

ing either that it be necessary nor setting a dollar limit. I take the statute as I find it, and accordingly hold the watch of the Debtor is wearing apparel which is not an investment and is therefore exempt. Had evidence been submitted that the purpose of owning the watch was for investment reasons, rather than being used for personal use, this conclusion would be different.

■ The second objection goes to the claim of the Debtor to exempt more than one vehicle up to $1,000.00 value. Again, the plain wording of § 25–13–617(1), MCA, settles the issue. Under that section of Montana law, in addition to all other exemptions, the Debtor may claim "one truck or automobile of the value of not more than $1,000.00 * * * ". A Debtor may not claim more than one vehicle, nor one vehicle whose equity value exceeds $1,000.00. In this case, four vehicles were sold by the Trustee, but only one had a value less than $1,000.00. As to that vehicle, a 1978 Cadillac, the Debtor has an exemption, so that the sale proceeds of that automobile of $356.00 are exempt. That is the only vehicle exemption to which the Debtor is entitled under § 25–13–617(1).

IT IS ORDERED the Trustee's objection to exemption of the Debtor's watch is denied and the objection to a claim of exemptions in the motor vehicles is sustained, except as to the proceeds of the 1978 Cadillac.