In re Paul David **TAYLOR** and Carol Elizabeth Taylor d/b/a Paul Taylor Logging, Debtors.

**RAINIER EQUIPMENT FINANCE, INC., Appellant,**

v.

**Paul David TAYLOR and Carol Elizabeth Taylor d/b/a Paul Taylor Logging, Appellees.**

**BAP No. MT 86–1837–AsJMe.**

**Bankruptcy No. 285–00041.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted Without Oral Argument May 6, 1987.

Decided May 11, 1987.

Donald R. Murray, Murphy, Robinson, Heckathorn & Phillips, Kalispell, Mont., for appellant.

Scott B. Spencer, Libby, Mont., for appellees.

Before ASHLAND, JONES and MEYERS, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

Rainier Equipment Finance appeals from an order exempting debtors' logging truck and trailer as property necessary to carry on a trade or profession [11 U.S.C. § 522(b), § 25–13–612 MCA] and avoiding its lien in the property. [11 U.S.C. § 522(f)(2)(B)].

We affirm.

## FACTS

Before bankruptcy Paul David Taylor was a self employed logging contractor who operated a 1978 Kenworth log truck and a 1980 homemade trailer. In 1984 the equipment was pledged as security to Rainier Equipment Finance in the $120,000 refinancing of Taylor's logging operations.

The Taylors filed a Chapter 11 bankruptcy on February 5, 1985. At the time of the filing Rainier had a valid non-possessory, non-purchase money security interest in the equipment. The case was converted to Chapter 7 on December 10, 1985. In February 1986 Rainier sought relief from the automatic stay and release of its collateral. The debtors however claimed that the $52,000 truck and trailer were exempt property under Montana's tool of trade exemption statute. § 25–13–612 MCA. Montana has opted out of the federal exemption provisions of 11 U.S.C. § 522(d). § 31–2–106 MCA.

On April 29 Rainier objected to the debtors' claim of exemption. The debtors answered and moved to avoid Rainier's lien in the equipment pursuant to 11 U.S.C. § 522(f)(2)(B). The issue was presented to the court upon agreed facts.

On September 2, 1986 the court ordered that the equipment was exempt and avoided the lien of Rainier. The court, following the Montana Supreme Court's ruling in *MacDonald, Trustee v. Mercill,* — Mont. —, 714 P.2d 132 (1986), found that the logging truck and trailer are tools of the trade or implements. Taylor, as a teamster or hackman who used his truck to earn a living, was entitled to the exemption of a teamster or hackman under § 25–13–612(1)(h) MCA. Pursuant to 11 U.S.C. § 522(f)(2)(B) the debtors were entitled to avoid the non-purchase money, non-possessory lien.

Rainier timely appealed.

## ISSUE

Whether a non-possessory non-purchase money security interest in a logging truck and trailer may be avoided under 11 U.S.C. § 522(f)(2)(B).

## DISCUSSION

The question on appeal is one of law and reviewed de novo. *In re Pizza of Hawaii, Inc.,* 761 F.2d 1374 (9th Cir.1985).

Rainier Finance concedes that the property is exempt under Montana's exemption statute and *MacDonald v. Mercill,* 714 P.2d 132 (Mont.1986). In *MacDonald* the Montana Supreme Court, upon certification from the U.S. District Court in a case arising in an appeal from the bankruptcy court, held that a backhoe and flatbed trailer were tools of the trade or implements of a self-employed excavation contractor. The equipment was necessary for the debtor to carry on his trade and therefore exempt under § 25–13–612(1)(b) MCA.

Here Rainier questions only the lien avoidance issue. Under § 522(f)(2) a debtor may avoid a non-possessory, non-purchase money security interest valid under state law to the extent that it impairs an exemption to which the debtor would otherwise be entitled under § 522(b). *In re Commercial Western Finance Corp.,* 761 F.2d 1329, 1337 n. 15 (9th Cir.1985).

Specifically Rainier contends that § 522(f)(2) permits lien avoidance only on personal goods of little resale value; or that liens on motor vehicles may not be avoided under § 522(f); or that if an opt out state, such as Montana, excludes as exempt property that is encumbered by a consensual lien then the lien does not impair an exemption since there is no exempt property and therefore there can be no lien avoidance. In other words, if the state has opted out of the federal exemptions then the state may also opt out of the lien avoidance provision of § 522(f).

### I

Rainier relies on *In re Thompson,* 750 F.2d 628 (8th Cir.1984), and legislative history for the proposition that only liens on personal goods of little resale value may be avoided under § 522(f)(2). The *Thompson* case has been distinguished by *In re LaFond,* 791 F.2d 623 (8th Cir.1986), which held that the liens on farm equipment, that are considered implements or tools of trade, may be avoided under § 522(f)(2)(B). In *Thompson* the court did not avoid liens on 210 baby pigs because they were not items held for personal use. § 522(f)(2)(A). In *LaFond* as here the lien avoidance provision invoked is § 522(f)(2)(B), lien avoidance on tools of trade.

■ Neither the legislative history nor persuasive case authority compel a holding that only liens on tools or implements of nominal resale value may be avoided under § 522(f)(2)(B). *See, e.g., In re Sweeney,* 7 B.R. 814 (Bankr.E.D.Wash.1980); *In re O'Neal,* 20 B.R. 13 (Bankr.E.D.Mo.1982); *In re Yparrea,* 16 B.R. 33 (Bankr.D.N.Mex. 1981). The absence of a dollar limit on the amount of the exemption is a problem for the Montana legislature to correct and the lack of a dollar limit on the tool of trade lien avoidance provision is for Congress to rectify. *See, In re Liming,* 797 F.2d 895 (10th Cir.1986), ("subsection [522](f) contains no express dollar limitations on the

value of the items that the debtor may avoid.... We cannot place a more restrictive ... limitation ... than state law imposes, given the wording of § 522."). (In fact the Montana Supreme Court encouraged the Montana legislature to bring the "horse and buggy" language of the statute up to date. *MacDonald v. Mercill,* 714 P.2d at 134. And counsel for Rainier informs the panel that Montana House Bill 19 which becomes effective October 1, 1987 provides a $3,000 limit on the tool of trade exemption.)

## II

■ We agree with Rainier that courts should be reluctant to exempt motor vehicles as tools of trade and thus allow lien avoidance under § 522(f). Nonetheless, the Montana Supreme Court has determined, and Rainier does not question, that motor vehicle equipment such as debtors' is exempt as a tool of trade. Section 522(f)(2)(B) provides for lien avoidance on tools of trade of the debtor without limitation. The legislative history does not suggest any restriction on the amount or nature of liens avoidable under this section. The case law cited by Rainier likewise does not compel such a limitation. *See, for example, In re Alloway,* 34 B.R. 423 (Bankr. D.Ore.1983), *In re Trainer,* 56 B.R. 21 (Bankr.D.Tex.1985).

In *Alloway,* the debtors exempted a Dodge dump truck under Oregon's motor vehicle exemption. (Oregon has opted out of the federal exemption scheme. ORS 23.305.) Debtors then moved to avoid the lien on the truck pursuant to the § 522(f)(2)(B) tool of trade lien avoidance power. The court, noting a policy to construe § 522(f) lien avoidance narrowly, would not permit debtors to change characterizations to avoid Oregon's $1,200 motor vehicle exemption limitation. Section 522(f) was read in connection with Oregon exemption law. Since § 522(f)(2)(B) did not provide for avoidance of liens on motor vehicles, debtors were not entitled to avoid the lien on the truck. Here debtors have been consistent in their property characterization. The trial court was correct in its reading of Montana state law and the

Bankruptcy Code and the holding is consistent with *Alloway.*

Moreover Congress' failure to provide for specific lien avoidance for motor vehicles in § 522(f) while providing for a motor vehicle exemption in § 522(d)(2), may express the intent that if a vehicle is a tool of trade the liens may be avoided pursuant to § 522(f)(2)(B). The Bankruptcy Code has been amended twice since 1978 and no changes or limitations were made in § 522(f). If a motor vehicle is exempt as a tool of trade under a state's exemption laws then under § 522(f)(2)(B) the liens therein may be avoided.

## III

■ Lastly Rainier contends that if property encumbered by a consensual lien is not, by definition, exempt the lien impairs no exemption and therefore cannot be avoided. Montana law provides that property subject to a mortgage lien is not exempt. § 25–13–612(2) MCA.

The issue stated another way is whether a state can also opt out of the lien avoidance powers of § 522(f). *In re Pine,* 717 F.2d 281 (6th Cir.1983), and *In re McManus,* 681 F.2d 353 (5th Cir.1982), stand for that proposition. In *McManus* the court held that § 522(f) is tied to the exemption provision of § 522(b) which is applicable state law. In Louisiana household goods subject to a chattel mortgage are not exempt and a debtor could not invoke § 522(f) to avoid any liens therein. The debtors could not avoid the liens on household goods because the liens "do not impair an exemption to which they would otherwise be entitled under § 522(b)."

The Sixth Circuit in *Pine* agreed: § 522(f) could not be utilized independently of § 522(b), the debtors could only avoid liens on that property the states have declared as exempt. *But see, In re Maddox,* 713 F.2d 1526 (11th Cir.1983). (Georgia, unlike Louisiana, had not enacted a specific statute to avoid the effects of § 522(f).)

*In re Hall,* 752 F.2d 582 (11th Cir.1985), rejects the opt out theory. In *Hall* the court stated that to permit states to inhibit

the operation of the lien avoidance provision simply by defining all lien encumbered property as "not exempt" would render § 522(f) useless. As noted by the dissent in *McManus* any state could preclude the use of lien avoidance in § 522(f) by defining debtor's encumbered property as not entitled to a particular exemption. *In re McManus*, 681 F.2d 353 (5th Cir.1982). Property encumbered by judicial liens and nonpossessory, non-purchase money security interests could be exempted notwithstanding a state's classification of lien encumbered property as not exempt. *Hall*, at 586. *See also, Dominion Bank of the Cumberlands v. Nuckolls*, 780 F.2d 408 (4th Cir.1985). (Debtors may avoid bank's lien in homestead exemption despite waiver of the homestead exemption in security agreement.)

In an en banc hearing the court in *In re Bland*, 793 F.2d 1172 (11th Cir.1986) was requested to overrule *Hall* and to determine whether a state could opt out of § 522(f). The court did not overrule *Hall* and declined to address the opt out issue because the Georgia exemption scheme directly tracked the federal scheme. The wording in the Georgia statute was identical to the federal exemption with only a difference in amount and therefore did not override the lien avoidance provisions of § 522(f). *Id.*

We believe that a state is free to define exempt property, however if lien encumbered exempt property comes within the avoidance provision of § 522(f) the liens may be avoided. *In re Granger*, 754 F.2d 1490 (9th Cir.1985), does not compel a different result. In *Granger* the court approved Oregon's limitation of one homestead exemption to a married couple. The couple was not entitled to individual exemptions. The court held a state which opted out of § 522(d) was not bound by subsection (m); "this section (§ 522) shall apply separately with respect to each debtor in a joint case." The court's apparent approval of *McManus* was dicta and not focused on the § 522(f) problem involved here.

The debtors may avoid liens on property which the state has declared as exempt. As noted in *Hall* an opposite conclusion would destroy the fresh start policy of the Bankruptcy Code and could put state law in direct conflict with federal law. The Supremacy Clause of the Constitution gives effect to § 522(f) where it conflicts with a state's lien laws. *See, In re Pelter*, 64 B.R. 492 (Bankr.W.D.Okla.1986).

For the forgoing reasons we affirm.