**In re Ronald A. HORTON, Kim M. Horton, Debtors.**

**Bankruptcy No. 86–40733.**

United States Bankruptcy Court, D. Montana.

May 22, 1987.

Michael M. Morse, Billings, Mont., for debtors.

Court E. Ball, Billings, Mont., for Associates Financial.

Charles W. Hingle, Billings, Mont., trustee.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

The Debtor, Ronald A. Horton, filed a motion under Section 522(f) to void a perfected security interest in a 1975 Chevrolet Van held by Associates Financial Services of Montana. The secured creditor's response stated the Van is a motor vehicle and not a tool of the trade under Montana Section 522(f) and Montana exemption law, Section 25–13–617, MCA. Associates has filed a motion for relief from stay to the vehicle.

The Debtor is a musician who used the Van to transport his musical instruments and equipment to various locations in Billings, Montana, where he applies his trade. There is no issue that Associates Finance has a non-purchase money, non-possessory perfected security interest in the vehicle. Under the Debtor's schedules, he claimed as exempt the 1975 Chevrolet Van pursuant to Section 25–13–612, MCA, at a value of $1,000.00. Section 25–13–612, provides,

in pertinent part there shall be exempt to the Debtor who is a mechanic or artesian tools or implements of the trade necessary to carry on his trade. Under Section 522(f), the Debtor may avoid the fixing of a lien which is non-possessory, non-purchase money in any "(B) implements, professional books or tools of the trade of the debtor". The evidence shows that the Van is a typical motor vehicle which has no specialized characteristics which enable the debtor to ply his trade by the use of such vehicle. There is no lien avoidance right to a motor vehicle under Section 522(f).

I hold the Debtor cannot exempt the Van as a tool of the trade under Section 25–13–612 because the Van is not a tool of the trade. Rather the Van is a motor vehicle to which the Debtor is entitled under Section 25–13–617, MCA, to a $1,000.00 exemption. *In re Gehnert*, 40 St.Rep. 1894 (Bankr.Mont.1983) [Available on WEST-LAW, FBKR–CS database]; *In re Alloway*, 34 B.R. 423 (Bankr.D.Or.1983); *In re Trainer*, 56 B.R. 21 (Bankr.D.Tex.1985). Courts should be reluctant to exempt motor vehicles as tools of the trade and thus allow lien avoidance under § 522(f). *In re Taylor*, 73 B.R. 149 (9th Cir. BAP 1987).

There is no equity in the truck, which has a value of $1,000.00 with a valid lien due of $1,722.98. Thus, there is no cause to deny the secured creditor the right to secure its collateral. *In re Gillett*, 77 B.R. 259, 4 Mont.B.R. 59, 62 (Bankr.Mont.1987).

IT IS ORDERED the Debtor's motion to void the lien of Associates Financial Services of Montana in the 1975 Chevrolet Van is denied.

IT IS FURTHER ORDERED that the motion for relief from automatic stay of Associates Financial Services of Montana is granted.