**In re Philip VILLA, Sandra Villa d/b/a Phil Villa, Debtors.**

**Bankruptcy No. 87–20132.**

United States Bankruptcy Court,
D. Montana.

June 8, 1987.

**498**

Robert Kolesar, Bozeman, Mont., for debtors.

Eula Compton, Bozeman, Mont., for Lyle Ryen.

Michael C. Coil, Bozeman, Mont., for Bank.

Dunlap & Caughlan, Butte, Mont., trustee.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

The Debtors filed motions pursuant to Section 522(f)(2) of the Code seeking to void valid liens of Manhattan State Bank and Household Finance Company in the Debtors' principal residence and a 1982 Peterbilt truck. Debtors claim exemption in each item under Montana law, asserting, in the case of the truck, that it is exempt as a tool of the trade under Section 25-13-612, M.C.A. The home is claimed as exempt under Montana homestead law, Section 70-32-101, et seq., which is incorporated by reference in Section 25-13-615, M.C.A. Hearing on the motion was held on June 2, 1987, with the Bank represented by counsel in opposition to the motion. A guarantor of the Debtors' Bank loan also filed objections to motions, and requests sanctions in the form of an award of attorney fees.

The evidence shows the Manhattan Bank holds a valid perfected security interest in the truck and a valid lien through a Deed of Trust on the home. Household Finance holds a second lien on the home to secure repayment of its debt. A declaration of homestead on the home has been filed of record by the Debtors claiming the premises constitutes a homestead for the benefit of the Debtors and their family. The truck was purchased by the Debtors from the Bank and subsequently refinanced. According to the position of the Debtors, the act of refinancing makes this loan a non-purchase money mortgage. The disposition of such issue is not necessary due to the denial of the motion on other grounds. The truck is an over-the-road vehicle used to pull trailers for transportation of goods, and is a licensed truck as that term is defined in Montana motor vehicle statutes. Section 61-1-107, M.C.A., (truck or motor truck means every motor vehicle designed, used, or maintained primarily for transportation of property) and Section 61-1-108, M.C.A. (truck tractor means every motor vehicle designed and used primarily for drawing other vehicles and not constructed to carry a load other than a part of the weight of the vehicle and load drawn).

Under Section 522(f)(2) the Debtors may avoid the fixing of a lien which is non-possessory, non-purchase money in any:

"(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments or jewelry that are held primarily for the personal, family or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools of the trade of the debtor or the trade of a dependent of the debtor;"

As was held in *Rainier Equipment Finance, Inc. v. Taylor,* 73 B.R. 149, (BAP 9th Cir.1987):

"We believe that a state is free to define exempt property, however if lien encumbered exempt property comes within the avoidance provision of § 522(f) the liens may be avoided."

Montana has opted-out of the federal exemptions provided in 522(d), Section 31-2-106, M.C.A. (amended 3/25/87), so all exemptions claimed by the debtors must come from state law. However, in the case of consensual liens, which are at issue in this case, only liens against that property listed in 522(f)(2)(A), (B) and (C) which is exempt under Montana law may be avoided. Stated differently, the description of property

in 522(f)(2) is not only inclusive but exclusive.

In the case of the homestead exemption, Section 522(f)(2)(A) does not include in its language the inclusion of a homestead, or any real property. Rather, that section describes personal property only. Accordingly, a debtor may not avoid the fixing of a consensual (as opposed to a judicial lien on a homestead) even if the lien is non-purchase money and non-possessory. A different result would be obtained if the lien were a judicial lien, for in that case it may be avoided under 522(f)(1). See, e.g., *Boyd v. Robinson*, 741 F.2d 1112 (8th Cir. 1984), aff'g 31 B.R. 591 (D.Minn.1983). Debtors' final argument that they use their home as an office, and therefore the home is an "implement" of their trade is specious on its face. An implement is an item of personal property. *MacDonald v. Mercill*, — Mont. —, 714 P.2d 132 (1986).

Turning then to the 1982 Peterbilt truck, this Court held as follows in *In re Horton*, 76 B.R. 166 (Bankr.Mont.1987):

"The evidence shows that the Van is a typical motor vehicle which has no specialized characteristics which enable the debtor to ply his trade by the use of such vehicle. There is no lien avoidance right to a motor vehicle under Section 522(f). I hold the debtor cannot exempt the Van as a tool of the trade under Section 25–13–612 because the Van is not a tool of the trade. Rather the Van is a motor vehicle to which the debtor is entitled under Section 25–13–617, M.C.A. to a $1,000 exemption. *In re Gehnert*, 40 St.Rep. 1894 (Bankr.Mont.1983); *In re Alloway*, 34 B.R. 423 ([Bankr.] D.Or. 1987); *In re Trainer*, 56 B.R. 21 (Bankr. D.Tex.1985). Courts should be reluctant to exempt motor vehicles as tools of the trade and thus allow lien avoidance under § 522(f). *In re Taylor*, [73] B.R. [149], 4 Mont.B.R. 347, 351 (BAP 9th Cir. 5/11/87)."

---

1. The Debtors claim a $2,000.00 exemption under Section 25–13–617, M.C.A., in a 1986 Subaru. Since the 1982 Peterbilt truck is also subject to the provisions of 25–13–617, the Debtors must surrender one of the vehicles to the Trustee. *In*

Following such reasoning, I hold the truck-tractor in this case fits the Montana exemption statute of Section 25–13–617, which allows that "one truck or automobile of the value of not more than $1,000.00 is exempt * * *." [1] Accordingly, the Debtors may not avoid the lien of the Bank in the 1982 Peterbilt truck under 522(f)(2)(B).

Sanction requests by the guarantor are not provided for by Section 522 and are therefore not proper.

IT IS ORDERED the motions of the Debtors to avoid liens of Manhattan State Bank and Household Finance Company are denied.

IT IS FURTHER ORDERED the request for sanctions by Lyle Ryen are denied.

---

*re Stanhope*, 76 B.R. 165, 166 (Bankr.Mont. 1987), holds:

"A debtor may not claim more than one vehicle, nor one vehicle whose equity value exceeds $1,000.00."