**In re Marion Douglas EDEN, Linda Jean Eden, Debtors.**

**Bankruptcy No. L88–00947C.**

United States Bankruptcy Court, N.D. Iowa.

Dec. 29, 1988.

Shawn Cohenour, Iowa City, Iowa, for debtors.

William D. Martin, Cedar Rapids, Iowa, trustee.

## MEMORANDUM AND ORDER

*Re: Trustee's Objection to Exemption*
MICHAEL J. MELLOY, Chief Judge.

The matter before the Court is the Trustee's objection to Debtors' claim of exemption. The issue before the Court is whether the Debtor may exempt jewelry as wearing apparel pursuant to the Iowa Exemption Statute.

## FINDINGS OF FACT

1. The Debtors have claimed as exempt the following items of jewelry:

| | |
|---|---|
| Wedding Rings | $ 370.00 |
| Necklace | $ 150.00 |
| Necklace | $ 100.00 |
| Necklace | $ 150.00 |
| Watch | $ 200.00 |

2. The Trustee filed a timely objection to the claim of exemption as to the three necklaces and watch. The Trustee did not object to the claim of exemption as to the wedding rings.

3. The Trustee does not allege that the items in dispute are held for resale or investment purposes. There is no dispute that the items in question are used by the Debtors as personal property actually worn as personal items of jewelry.

4. The Debtors are residents of the state of Iowa.

## CONCLUSION OF LAW AND DISCUSSION

The Trustee requests the Court to construe a recent change in the Iowa Exemption Statute. Effective May 15, 1988, Iowa Code § 627.6(1) was amended to read as follows:

A debtor who is a resident of this state may hold exempt from execution the following property:

(1) All wearing apparel of the debtor and the debtor's dependents kept for actual use and the trunks or other receptacles necessary for the wearing apparel, not to exceed in value one thousand dollars in the aggregate. In addition, the debtor's interest in any wedding or engagement ring owned and received by the debtor or the debtor's dependents on or before the date of marriage.

1988 Iowa Acts, ch. 1255 § 3, H.F. 649 § 3. This case was filed June 15, 1988. The exemption statute in effect on the date of filing is the statute to be applied for purposes of determining Debtors' allowance of exemptions. *In re Punke*, 68 B.R. 936, 939 (Bankr.N.D.Iowa 1987).

Construction of state exemption statutes is a matter of state law interpretation. *Matter of Thompson*, 750 F.2d 628, 630 (8th Cir.1984); *In re Graettinger*, 95 B.R. 632, 635 (Bankr.N.D.Iowa 1988).

Iowa courts have addressed the issue which is presently before this Court and have found that jewelry is considered wearing apparel. In the case of *Neasham v. McNair*, 103 Iowa 695, 72 N.W. 773 (1897), the Iowa Supreme Court stated: "If an article of jewelry is used with and as a part of the clothing, it may well be deemed a portion of the wearing apparel. It may thus serve as necessary and useful a purpose as the garments themselves." *Neasham*, 72 N.W. at 774.

More recently, the Iowa Supreme Court had occasion to address the issue of whether a diamond ring is wearing apparel in the context of a divorce case. In the case of *Forsyth v. Forsyth*, 210 N.W.2d 430 (Iowa 1973) the court stated: "We agree the diamond ring set shall remain plaintiff's property, not for the reason assigned by trial court, but because it is in the category of wearing apparel and personal effects." *Forsyth*, 210 N.W.2d at 431 (citations omitted).

Thus, Iowa courts have considered jewelry which is actually worn by the individual and considered a personal effect as wearing apparel. This conclusion is consistent with the majority of bankruptcy court decisions which have interpreted similar statutes in other states. *See, In re Mims*, 49 B.R. 283, 288 (Bankr.E.D.N.C.1985) ("The court concludes that the debtor may exempt $1,000 in value of her diamond engagement ring as 'wearing apparel'...."); *In re Stanhope*, 76 B.R. 165, 166 (Bankr.D. Mont.1987) ("[T]he watch of the Debtor is wearing apparel which is not an investment and is therefore exempt."); *In re Westhem*, 642 F.2d 1139, 1140 (9th Cir.1981) (diamond engagement ring allowed exempt as wearing apparel).

More recently the Fifth Circuit Court of Appeals has decided the issue pursuant to the Texas exemption statute. In the case of *In the Matter of Fernandez*, 855 F.2d 218 (5th Cir.1988), the court was construing an amendment to the Texas exemption statute which had changed the exemption wording from "wearing apparel" to "clothing." The law had been well settled in Texas prior to the change in the exemption statute that wearing apparel included jewelry. The Texas statute has no dollar limit on the wearing apparel exemption as does the Iowa statute. In the *Fernandez* case, the court was deciding the issue of whether the change in the wording from "wearing apparel" to "clothing" evidenced an intent to make the exemption statute more restrictive, thus excluding jewelry from the category of exempt property. The court

there held that the Texas exemption statute, "allows a debtor to claim an exemption for jewelry worn by the owner and reasonably necessary for the family or single adult." *Fernandez,* 855 F.2d at 222.

The *Fernandez* case, as well as several of the other cases cited above, is careful to point out that only jewelry which is actually "worn by the owner" qualifies for the exemption. As stated in *Fernandez:* "Thus, it would be inappropriate to claim an exemption for jewelry held by the debtor for investment or resale purposes." 855 F.2d at 222. *Accord, In re Mims,* 49 B.R. 283, 288 (Bankr.E.D.N.C.1985); *In re Stanhope,* 76 B.R. 165, 166 (Bankr.D.Mont. 1987).

In conclusion, the Iowa Exemption Statute allows a debtor to exempt jewelry which is actually worn and used by the debtor. The exemption statute does not extend to jewelry which is held primarily for investment or resale purposes.

## ORDER

IT IS THEREFORE ORDERED the Objection to Exemption filed by the Trustee is overruled.

ORDERED.