**In re Darrell K. WILSON, Debtor.**

**Bankruptcy No. 96–12950.**

United States Bankruptcy Court,
D. Rhode Island.

Oct. 8, 1997.

James T. Marasco, Providence, RI, for Debtor.

Paul M. Giacobbe, Warwick, RI, for Beneficial New Jersey.

Marc D. Wallick, Warwick, RI, Chapter 7 Trustee.

## DECISION AND ORDER AVOIDING LIEN

ARTHUR N. VOTOLATO, Bankruptcy Judge.

### BACKGROUND

Heard on the Debtor (Darrell Wilson's) Motion to Avoid the Lien of Beneficial New Jersey ("Beneficial") on his Canadian Football League Championship Ring. Wilson, a member of the 1983 Toronto Argonauts, seeks relief under 11 U.S.C. § 522(f)(1)(B), which permits the avoidance of "a non-possessory, non-purchase money security interest in any household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, *or jewelry* that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor." 11 U.S.C. § 522(f)(1)(B) (1996) (emphasis added).[1] Beneficial argues that the ring is held primarily for investment purposes and not for personal use, and that therefore the lien is not avoidable. Not having previously faced a similar issue, we requested briefs.

### FACTS

On June 18, 1993, Wilson borrowed $5,000 from Beneficial, pledging his championship

---

1. This statute allows the Debtor to avoid a lien on property to the extent that it would be exempt under 11 U.S.C. § 522(b).

ring as security, with a reported "market value" of $5,500 and a "replacement value" of $10,000. On September 16, 1996, Wilson filed a Chapter 7 petition and in his amended Schedule C elected to exempt the ring under 11 U.S.C. 522(d)(4),[2] this time listing its value as $375.[3]

## DISCUSSION

■■■ The § 522(d)(4) exemption does not extend to jewelry held primarily for investment or resale, *see In re Eden,* 96 B.R. 895, 897 (Bankr.N.D.Iowa 1988), but the mere appearance of an investment purpose does not per se rule out a successful exemption claim. *In re Leva,* 96 B.R. 723, 727 (Bankr. W.D.Tex.1989). If the facts at the time of the initial acquisition would have qualified the article as exempt under the statute, the property does not thereafter lose that character just because it appreciates in value, and the burden of proving a substantial investment interest is with the challenger of the claimed exemption. *See In re Stanhope,* 76 B.R. 165, 166 (Bankr.D.Mont.1987) (where the court suggested it would not have allowed an exemption under a Montana statute for a $5,000 watch, had there been evidence of investment intent.)

11 U.S.C. § 522(f)(1)(B) allows a debtor to avoid a non-possessory, non-purchase money lien *on any jewelry held for personal use* to the extent that the lien impairs an exemption to which the Debtor is entitled. To indicate the Debtor's intent, Beneficial points out that his estimate of the value of the ring ($375) for § 522 purposes is significantly less than his opinion of its value when he signed the credit application (between $5,500 and $10,000).

■■■ Whether an article is held for personal use or for investment purposes is a fact-specific inquiry. *See In re Leva,* 96 B.R. at 735. Evidence of the Debtor's sentimental, nostalgic attachment to the article weighs in favor of allowing the exemption, and in this regard Mr. Wilson states that he wears the ring daily, "with a sense of pride." *See, e.g., Wikle v. Westhem (In re Westhem),* 642 F.2d 1139 (9th Cir.1981) (where the court allowed the exemption of a $3,000 diamond ring because it replaced a stolen ring of great sentimental value). A factor that we find very persuasive in this scenario is that Wilson was awarded the article in question as a member of a championship team—he did not acquire it at an auction or flea market for the purpose of reselling it at a profit. In evaluating the heirloom exemption available in Utah, the bankruptcy court noted that a "medal earned by winning a sporting event after lengthy training and competition is … worthy of emotional or sentimental attachment." *In re Dillon,* 113 B.R. 46 (Bankr. D.Utah 1990). Here, as well, the Debtor has a real sentimental attachment to this championship ring, which "commemorates a seminal event" that was "earned after lengthy training and competition." *See id.*

## CONCLUSION

Based on the facts of this case, and absent any evidence to the contrary, we find that the ring is exempt. *See In re Stanhope,* 76 B.R. at 166. Accordingly, the Debtor may avoid Beneficial's lien under Section 522(f)(1). The amount of the exemption and the extent to which the Debtor is entitled to lien avoidance, however, depends upon the value of the ring, up to a maximum of $1,000.

Because of the disagreement and confusion[4] over the value of the ring, the parties are allowed 30 days within which to either

**2.** This section allows the Debtor to exempt his "aggregate interest, not to exceed $1,000 in value, in jewelry held primarily for the personal, family, or household use of the debtor, or a dependant of the debtor."

**3.** At trial, Debtor's counsel opined that the ring had a scrap value of $375 and a retail value of $1,750.

**4.** The Debtor's Amended Schedule C lists the appraised value as $375, significantly less than

the value he placed on it at the time of his credit application (between $5,500 and $10,000). On the other hand, Beneficial claims that the ring's value as a collectible exceeds its "pawnshop value" of metal and gemstone. In its brief, Beneficial suggests the ring is worth "anywhere between $1,300. and $10,000." More authoritative input than that presently in the record is necessary to arrive at a meaningful determination of value.

reach agreement as to value or inform the Court that a valuation hearing is necessary.