No. 85-225

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

DONALD MacDONALD IV, TRUSTEE IN
BANKRUPTCY,

        Petitioner,

   -vs-

MARK J. MERCILL and SUE A. MERCILL,

        Debtors/Respondents.

_____

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

    For Appellant:

        Joan B. Newman, Missoula, Montana

    For Respondent:

        William R. Baldassin, Missoula, Montana

_____

                Submitted on briefs:  Aug. 29, 1985

                        Decided:  February 10, 1986

Filed: FEB 10 1986

_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This matter is before this Court upon certification by the United States District Court, District of Montana, Butte Division, the Honorable W. D. Murray, that the question upon which adjudication is sought is controlling in federal litigation. This case originated in United States Bankruptcy Court and was appealed to the United States District Court. The certified question is as follows:

> Is a backhoe and/or a flatbed trailer exempt from the bankruptcy estate of a debtor under section 25-13-612(1)(b), MCA, where the debtor is a self-employed excavation contractor and where the debtor could not remain an excavation contractor without the backhoe and trailer but could seek employment from others as a backhoe operator without such items?

We answer in the affirmative.

The facts are not in dispute. The parties have stipulated that the respondent, Mark Mercill, is a self-employed excavation contractor. He would not be able to continue his business as an excavation contractor without his backhoe and trailer. He does have skill in the operation of a backhoe that would permit his employment by others as an operator.

Montana has "opted out" of the federal list of exemptions contained in 11 U.S.C. § 522(d) by enacting section 31-2-106, MCA, which provides:

> 31-2-106. Exempt property--bankruptcy proceeding. No individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in 11 U.S.C. 522(d) except property exempt from execution from judgment as provided in Title 25, chapter 13, part 6.

The relevant portion of Title 25, chapter 13, part 6 applying in this case is section 25-13-612(1)(b), MCA, which provides:

> 25-13-612. Property necessary to carry on trade or profession.
>
> (1) In addition . . . there shall be exempt to all judgment debtors the following property:
>
> (a) . . .
>
> (b) to a mechanic or artisan: tools or implements necessary to carry on his trade;

The parties agree that the respondent, debtor, is a mechanic within the meaning of this statute.

The question presented can be divided into two issues:

1) Whether a backhoe and trailer are tools or implements within section 25-13-612(1)(b), MCA.

2) Whether such tools or implements are necessary for the debtor to carry on his trade within section 25-13-612(1)(b), MCA.

Before reaching the issues we note two things. First, the exemption statutes in Montana were originally enacted in 1895. There have been few amendments since that time. The language contained therein is of "horse and buggy" vintage. The intent of the statutes is the same today as it was when they were enacted but it may be time for the legislature to consider bringing the statute up to date. Second, the statute applies to judgment debtors as well as bankruptcy debtors. We believe that the policies underlying exemptions from judgment debtors and bankruptcy debtors may differ, yet, because the same exemptions apply to both, our construction must be done with both in mind.

The first issue is whether a backhoe and trailer are tools or implements within the meaning of those terms as used

in section 25-13-612(1)(b), MCA. The Bankruptcy Court held that a backhoe and trailer are implements. It reasoned that "tools" and "implements" have a recognized distinction--a "tool" is more commonly defined as an instrument of manual operation as compared to an appliance moved by machinery, while an "implement" is more inclusive, being an item reasonably fitted or employed as a means of making labor more effective.

We have reviewed the law of other jurisdictions and we agree with the statement at 31 Am.Jur.2d Exemptions § 58:

> It would serve no useful purpose to attempt an exhaustive enumeration of the many articles of property which the various courts have declared exempt, or otherwise, as tools or implements . . .. The number of such articles is very great and the range quite wide, extending from small and simple handtools to large, expensive, and more or less complicated machines.

The particular code section in issue here does not define tool or implement. A dictionary defines tool as any implement used by a craftsman or laborer at his work, an instrument employed in manual labor for facilitating mechanical operations, the cutting part on various machines driven by power such as a drill or lathe, or the entire machine. New Webster's Dictionary 1621 (College ed. 1975). A tool is an instrument of manual operation, that is, an instrument to be used and managed by the hand instead of being moved or controlled by machinery. Black's Law Dictionary 1660 (rev. 4th ed. 1968).

A dictionary defines implement as an instrument, tool, or utensil, or an article assisting in carrying on manual labors. New Webster's Dictionary 755 (College ed. 1975). Implements are such things as are used or employed for a trade, particularly applied to tools, utensils, instruments

- 4 -

of labor, as the implements of trade or of farming. Black's Law Dictionary 679 (rev. 5th ed. 1979). Section 61-1-121, MCA, on definitions of motor vehicles, defines an "implement of husbandry" as including every vehicle which is designed for agricultural purposes. Therefore, in the field of agriculture, the legislature has determined that an implement includes a vehicle. Tractors and trailers are vehicles. See sections 61-1-109 and 61-1-111, MCA. This use of the term "implement" demonstrates that it may include a relatively large, complicated, and expensive item--a machine or a piece of equipment--in certain contexts.

It is true that the exemption statutes contain some indication that the legislature did not intend to protect a debtor's possession of a relatively large, complicated, and expensive item such as a machine or a piece of equipment. The value of the backhoe and trailer in this case is estimated at about $37,000. It is possible that a similar fact situation could present itself in a bankruptcy exemption case where the value of "exempt" property could approach or exceed $100,000--a bulldozer or drilling rig, for example. We also note that backhoes, bulldozers, and similar items need trailers for hauling and trailers need trucks and tractors for mobility. The statutes on property exempt from execution, sections 25-13-601 through 25-13-617, MCA, do, in some areas, place a ceiling on the dollar value of the item exempted, e.g., mining exempt property, $1,000, section 25-13-612(1)(e) and truck or automobile, $1,000, section 25-13-617(1). No dollar limit is specified in section 25-13-612(1)(b), MCA, the code section applicable here, and, absent guidance by the legislature, it would be improper for

this Court to place a dollar value ceiling on the relevant exempt property.

We said in State ex rel. Bartol v. Justice of the Peace Court (1936), 102 Mont. 1, 55 P.2d 691, quoting from 2 Freeman on Executions 3d § 226, 1212, that:

> [A] machine may be exempt from execution as a tool or implement . . .. The difficulty is in formulating some test by which to determine when it is exempt . . .. The earlier cases incline to suggest the simplicity of construction . . . Perhaps the capacity of the debtor to use it by his own personal strength or skill, without the aid or assistance of other machinery or motive power, is a better test.

Bartol, 55 P.2d at 693-694.

But times have changed and we must leave Bartol to describe a simpler time with simpler tools and implements. Today a tool is still a powered or unpowered item designed to be used by mechanics or artisans to perform a task and is manageable in size and weight so that in its normal operation it can be maneuvered or used by the operator's physical strength alone without the aid of independent motive powers and it is liable to be more expensive and require more skill. The definition includes common hand tools and common powered hand tools such as drills, wrenches, saws, but also includes larger industrial items that may be mounted on a dolly or are pushed around on wheels or are stationary in normal operation such as table saws, lathes, and welders.

Implements include tools but also more. An implement is a powered or unpowered item designed to be used by a mechanic or artisan to perform a task. It may include an item that cannot be in its normal operation maneuvered by the operator's physical strength but must be used with the aid of independent motive powers.

- 6 -

It is the law in this state that the exemption statutes are to be liberally construed but such construction may not disregard plain legislative mandate. Bartol, 55 P.2d at 693. Because the legislature has specified no ceiling on dollar value in the exemption of "tools or implements," because the legislature has used the word implement to include "any vehicle," including tractors and trailers, in "implements of husbandry," and because a liberal construction of the definitions of "tools and implements" set forth above dictates, we hold that a backhoe and trailer are properly tools or implements within the meaning of section 25-13-612(1)(b), MCA.

The second issue is whether a backhoe and trailer, as tools or implements, are necessary for the debtor to carry on his trade. The Bankruptcy Court held that the backhoe and trailer are necessary for the debtor to carry on his trade. It reasoned that "necessity" turns on whether there is an alternative means available to the debtor to perform his job as a mechanic. It did not agree that there were alternatives here and it also reasoned that, in this "machine" age, capital equipment of great value may be essential to one's livelihood. It reasoned that the exemption statute was intended to apply to the wage-earner as well as the self-employed.

The parties agree that the debtor here is an excavation contractor and the backhoe and trailer are necessary to carry on that business. We believe that the requirement of necessity is met and that simply because the backhoe and trailer are not necessary to the debtors obtaining employment is not relevant. Section 25-13-612, MCA, does not provide for a contingency which says that a showing that the ability

to obtain work without such items should negate the exemption. We hold that the backhoe and trailer, as tools or implements, are necessary for the debtor to carry on his trade as excavation contractor.

The certified question is answered in the affirmative.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

- 8 -