**In re Paul David TAYLOR; Carol Elizabeth Taylor, dba Paul Taylor Logging, Debtors.**

**RAINIER EQUIPMENT FINANCE, INC., Appellant,**

v.

**Paul David TAYLOR; and Carol Elizabeth Taylor, Appellees.**

No. 87–3920.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 2, 1988 *.

Decided Nov. 9, 1988.

Donald R. Murray, Murphy, Robinson, Heckathorn & Phillips, P.C., Kalispell, Mont., for appellant.

No appearance, for appellees.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before NELSON, BOOCHEVER and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

## BACKGROUND

Rainier Equipment Finance, Inc. appeals the decision of the Bankruptcy Appellate Panel for the Ninth Circuit, 73 B.R. 149, which affirmed the Bankruptcy Court for the District of Montana in allowing the debtors in bankruptcy to avoid a nonpossessory, nonpurchase-money security in interest in a logging truck and trailer valued at approximately $50,000.

The appellee-debtors filed for Chapter 11 bankruptcy in Montana in 1985. The petition was later converted to Chapter 7 liquidation bankruptcy. At the time of the filing Rainier had a nonpossessory, nonpurchase-money security interest in a Kenworth logging truck and trailer owned by the debtors and used in their business as independent logging contractors. The debtors claim that this property, which is valued at $50,000, is exempt under Montana's "tools of the trade" exemption statute. The facts are not in dispute.

Montana has opted out of the federal list of exempt property and provides an unlimited exemption for tools necessary to carry on a trade. The Bankruptcy Court and the Bankruptcy Appellate Panel both allowed the lien to be avoided after determining that the truck and trailer were tools of the debtors' trade and that they were necessary for the debtors to earn a living. The Bankruptcy Appellate Panel relied primarily on a recent Montana case, *MacDonald v. Mercill*, 714 P.2d 132 (Mont.1986) which allowed a self-employed excavation contractor to avoid liens on a backhoe and flatbed trailer under the same exemption, holding, "No dollar limit is specified in section 25–13–612(1)(b), MCA, the code section applicable here, and, absent guidance by the legislature it would be improper for this Court to place a dollar value ceiling on the relevant exempt property." *MacDonald, Id.* at 135.

Rainier raises three arguments in this appeal. The first argument is that liens on valuable property, particularly motor vehicles, should not be avoidable under Montana's exempt property statute. Second, the appellant asserts that the Montana exempt property statute does not apply to property that is encumbered with a lien. Third, the appellant urges the panel to read a limit into Montana's exemption statute.

## FACTS

In October 1977, debtors Paul and Carol Taylor, dba Paul Taylor Logging, purchased a 1978 Kenworth truck for $52,000. $42,500 of the purchase price was financed through Union Bank, which took a purchase-money security interest in the truck. In July 1982 the Taylors refinanced this obligation and consolidated other obligations through United Bank of Libby, Libby, Montana. The consolidated balance owed by the Taylors to United Bank was $45,759. In February 1984 the Taylors' obligation to United was again refinanced and consolidated with other obligations; this time through appellant Rainier Equipment Finance, Inc. Rainier took a security interest in the truck and various other items of property including a homemade trailer. Following this refinancing the amount owed by the debtors to Rainier was $120,000. The debtors filed a Chapter 11 bankruptcy petition on February 5, 1985, which was subsequently converted to a Chapter 7 filing on December 10, 1985. At the time of the filing the debtors owed Rainier $126,730. In February 1986 Rainier sought relief from the automatic stay and the release of its collateral. The debtors responded that the truck and trailer were exempt property under Montana's tools of the trade exemption statute and sought to avoid the lien. The parties agree that at all relevant times the debtors were independent logging contractors operating jointly as a sole proprietorship.

We have jurisdiction under 28 U.S.C. § 1294(1). The only issue on appeal is whether a debtor in bankruptcy may avoid a nonpossessory, nonpurchase-money security interest in a logging truck and trailer under the "tools of the trade" exemption of 11 U.S.C. § 522(f)(2)(B) and section 25–13–612 of the Montana Code. We affirm on the basis of *MacDonald*.

## STANDARD OF REVIEW

■■ Questions of law are reviewed de novo. *Ragsdale v. Haller,* 780 F.2d 794, 795 (9th Cir.1986). The lower court's interpretation of state law is reviewed under the same standard as are questions of federal law. *Jackson Water Works v. Public Utilities Commission,* 793 F.2d 1090, 1092 (9th Cir.1986).

## DISCUSSION

■ The filing of a petition in bankruptcy creates an estate in bankruptcy which is comprised of all of the debtor's property. 11 U.S.C. § 541. Section 522 of the Bankruptcy Code allows the debtor to exempt certain property from the estate, and to avoid liens on that property, to ensure that the debtor will not become "a public charge." H.R.Rep. No. 595, 95th Cong., 2d Sess. 126, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6087. Section 522(f) empowers the debtor to avoid certain liens:

(f) [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

.    .    .    .    .

(2) a nonpossessory, nonpurchase-money security interest in any—

.    .    .    .    .

(B) implements, professional books, or tools of the trade of the debtor....

Thus, liens can be avoided only to the extent that they impair an exemption under subsection (b). Section 522(b) provides three alternatives for defining exempt property: (1) the federal "laundry list" of exempt property that is contained in subsection (d); (2) the federal list as expressly modified by State law; or (3) the list of exemptions as defined by the State without reference to the federal list.

Montana has opted out of the federal exemption provisions of 11 U.S.C. § 522(d), electing instead to define its own classes of exempt property. Section 31–2–106 of the Montana Code provides: "Exempt property—bankruptcy proceeding. No individual may exempt from the property of the es-

tate in any bankruptcy proceeding the property specified in 11 U.S.C. 522(d) except property exempt from execution from judgment as provided in Title 25, Chapter 13, part 6."

As of February 1985 the relevant sections of Title 25, Chapter 13, part 6 were somewhat antiquated, being substantially unrevised since their enactment in 1895. Section 25–13–612 provided:

(1) [T]here shall be exempt to all judgment debtors the following property:

.    .    .    .    .

(b) to a mechanic or artisan: tools or implements necessary to carry on his trade;

.    .    .    .    .

(h) to a cartman, hackman, huckster, peddler, teamster, or laborer; one horse or mule and harness for two animals or two oxen and harness, and one cart or wagon, one dray or truck ... by the use of which such person habitually earns his living.

.    .    .    .    .

(2) No article, however, or species of property mentioned in this section is exempt from execution issued upon a judgment recovered for its price or upon a judgment of foreclosure of a mortgage lien thereon....

Section 25–13–617 provides:

(1) In addition to all other exemptions, one truck or automobile of the value of not more than $1000 is exempt from attachment or execution....

The appellant concedes that both the truck and the trailer qualify as "tools of the trade" within the meaning of Montana's exempt property statute, Sec. 25–13–612 Mont.Code Ann. (1985). The appellant's primary argument is that Congress never intended to include motor vehicles in the lien avoidance provisions of Sec. 522(f) of the Bankruptcy Code, 11 U.S.C., and as a result the State of Montana should be precluded from providing an exemption for motor vehicles that qualify as tools of the trade.

There is a plethora of case law interpreting the "tools of the trade" allowance in the context of motor vehicles, and the

courts are divided. *See generally* Annot., 55 A.L.R.Fed. 353, 377–79 (1981); Annot., 37 A.L.R.2d 714 (1954) & Later Case Service at 147 (1977). Lien avoidance on motor vehicles as tools of the debtor's trade, however, is generally allowed in situations where the vehicle is necessary to the debtor's trade, and the state has opted out of the federal laundry list, which limits the tools of the trade exemption to $750. *E.g. In re Lindsay*, 29 B.R. 25 (Bankr.D.Or. 1983) (vehicle exemptable if "uniquely suited for and principally used in connection with a principal business activity."); *In re Langley*, 21 B.R. 772 (Bankr.D.Me.1982) (motor vehicle may be tool of trade if it is "necessary to and used by the debtor to carry on his trade"); *In re Seacord*, 7 B.R. 121 (Bankr.W.D.Mo.1980) (van exempted as "reasonable necessity" of debtor's trade).

■ The appellant's argument that the Montana exemption statute does not apply to motor vehicles is not persuasive. First, Montana has elected to opt out of the federal provisions and allow lien avoidance by the debtor in specific categories of property that were enumerated by the legislature. There is no dollar limitation on the value of a lien that can be avoided if the property can be characterized as a tool of the trade. Thus, the value of the property is not a consideration. *See MacDonald*, 714 P.2d at 134 ("the value of 'exempt' property could approach or exceed $100,000—a bulldozer or drilling rig, for example"). Second, section 25-13-617, which provides a limited exemption for a truck or automobile, begins with the language, "[i]n addition to all other exemptions...." This seems to indicate that the legislature did contemplate that vehicles could be exempted under other sections of the statute. We see no reason to depart from *MacDonald;* indeed, "we are bound to follow the decisions of the state's highest court." *Olympic Sports Products, Inc. v. Universal Athletic Sales Co.*, 760 F.2d 910, 913 (9th Cir.1985). The appellant's argument fails.

Second, the appellant argues that property encumbered by a mortgage lien is not exempt under the Montana statute, and that consequently the lien avoidance provision of Section 522(f) does not apply because the lien does not "impair" an exemption. Seizing upon the language of section 25-13-612(2) of the Montana Code that provides that "[n]o article ... of property mentioned in this section is exempt from execution issued ... upon a judgment of foreclosure of a mortgage lien thereon," the appellant has concluded that the logging truck is not subject to exemption because it is encumbered by a mortgage lien. This statutory provision essentially restates the general rule of priority that the trustee in bankruptcy acquires the status of a lien creditor as of the date of the filing. *See* 11 U.S.C. Sec. 544(a). Regarding other lien creditors, those who are first in time prevail. *Id.*, U.C.C. Sec. 9-301, 9-312(5). Thus, the trustee is powerless to avoid the lien held by a prior lien creditor, even regarding property that would otherwise be exempt. Unfortunately, the appellant has overlooked the statutory requirement that a judgment of foreclosure must issue before the subject property is removed from the exemption statute. There is nothing in the record to indicate that a judgment of foreclosure has issued regarding the logging truck; consequently this argument must also fail.

■ The appellant's third argument is that the "wildcard" provision, section 522(d)(5) of the Bankruptcy Code, sets an absolute limit to the value of exempt property that a debtor is allowed. Section 522(d)(5) is contained in the federal laundry list of exempt property and provides an exemption for "[t]he debtor's aggregate interest in any property, not to exceed $400 plus up to $3,750 of any unused amount of the exemption provided under paragraph (1) of this subsection." The Appellant cites *In re LaFond*, 791 F.2d 623 (8th Cir.1986) as support for this proposition. In *LaFond*, the debtors were allowed to avoid liens totaling $10,475 on farm equipment under the "tools of the trade" exemption of 11 U.S.C. Sec. 522(f)(2)(B). The appellant asserts that the Eighth Circuit, in affirming the district court, adopted by implication the language of the lower court decision that stated, "[T]he potential maximum value of non-household avoidance under 11 U.S.C. Sec. 522(f)(2) is $17,300 per family. There is thus some limit on a debtor's ability to avoid liens in large farm imple-

ments or tools." *Production Credit Association v. LaFond,* 61 B.R. 303, 308 (D.Minn.1985).

Whether the circuit court adopted this "spillover" limitation by implication is not material in the present case; this argument goes only to the interpretation of the exemptions provided in the federal bankruptcy code. Congress has expressly provided that states may opt out of these provisions and Montana has elected to do so. "Federal law places no limits on the generosity or lack thereof with which states may define ... exemptions." *In re Bland,* 793 F.2d 1172, 1176 (11th Cir.1986) (Hill, J., concurring). The appellant's reliance on this section is misplaced and its argument fails.

CONCLUSION

This harshness of this result will not recur in Montana. The legislature has responded to the Montana Supreme Court's admonishment in *MacDonald:* effective October 1, 1987 the tools of the trade exemption was limited to $3,000. *See* 1987 Mont.Laws 596. This revision, however, is of no utility to the appellant. The decision of the lower court is affirmed.

AFFIRMED.