No. 01-333

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 90

IN RE CASE NO. 00-33150-7,
MICHAEL SCOTT ZIMMERMANN and BERNICE ZIMMERMANN,
                Debtors.

---

IN RE CASE NO. 01-40482-13,
BRANTLEY S. LANDON and KRISTINA L. LANDON,
                Debtors.

---

IN RE CASE NO. 01-40513-13,
SHAYNE L. MALY and HANNAH MALY,
                Debtors.

CERTIFIED QUESTION FROM:

        The United States Bankruptcy Court, for the District of Montana
        The Honorable Ralph B. Kirscher, Bankruptcy Court Judge presiding.

COUNSEL OF RECORD:

        For Debtors:

                Bruce M. Wilson, (argued) Attorney at Law, Missoula, Montana (for Debtors
                Michael Scott Zimmermann and Bernice Zimmermann)

                Kraig C. Kazda; Hartelius, Ferguson, Baker & Kazda, Great Falls,
                Montana (for Debtors Brantley S. and Kristina L. Landon, and Debtors
                 Shayne L. and Hannah Maly)

        For Trustee:

                Robert G. Drummond, Attorney at Law, Great Falls, Montana

                Donald W. Torgenrud (argued), Attorney at Law, St. Ignatius, Montana

                Heard and Submitted: November 6, 2001

                      Decided: May 2, 2002

Filed:

                         Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Rule 44, M.R.App.P., the United States Bankruptcy Court for the District of Montana certified seven questions to this Court concerning the ability of joint debtors in a bankruptcy proceeding to claim personal property exemptions. We accepted the certified questions by order dated May 22, 2001. Rule 44(d), M.R.App.P., authorizes us to reformulate certified questions.

¶2     This case arises from three bankruptcy proceedings. In each proceeding, a married couple filed a joint bankruptcy petition and each spouse claimed a separate set of personal property exemptions pursuant to § 25-13-609, MCA. The Bankruptcy Trustee (Trustee) objected to the claimed exemptions in each case, contending that joint debtors are limited to a single set of exemptions.

¶3     Pursuant to Rule 44(d), M.R.App.P., we reformulate and address the following certified questions:

¶4     1. May joint debtors in a bankruptcy proceeding each claim separate personal property exemptions under Montana law?

¶5     2. May joint debtors in a bankruptcy proceeding each claim a separate exemption for a jointly owned item of personal property?

¶6     After briefing and oral argument by the parties, and for the reasons set forth below, we answer both questions in the affirmative.

DISCUSSION

2

¶7      Under federal law, a debtor in a bankruptcy proceeding may claim certain property as exempt from the bankruptcy estate. See 11 U.S.C. § 522(b). The specific items of property which may be exempted are listed in 11 U.S.C. § 522(d). Additionally, the federal law expressly allows that debtors in a joint proceeding may each claim a separate set of exemptions. 11 U.S.C. § 522(m). However, § 522 also provides that states may "opt out" of the federal exemption scheme set forth in § 522 and enact state laws setting forth the allowable exemptions in a bankruptcy proceeding. See 11 U.S.C. § 522(b)(1).

¶8      Montana has chosen to opt out of the federal exemption scheme via § 31-2-106, MCA, which provides that

> [a]n individual may not exempt from the property of the estate in any bankruptcy proceeding the property specified in 11 U.S.C. 522(d). An individual may exempt from the property of the estate in any bankruptcy proceeding:
>
> (1) that property exempt from execution of judgment as provided in . . . Title 25, chapter 13, part 6 . . . .

Subsections (2) and (3) of § 31-2-106, MCA, authorize additional exemptions which are not relevant in the present case. Montana's statutory scheme governing allowable exemptions in a bankruptcy proceeding does not contain an explicit counterpart to 11 U.S.C. § 522(m) expressly authorizing joint debtors each to claim separate sets of property exemptions.

¶9      The Trustee contends that, although Montana has opted out of the federal exemption scheme, the Legislature has enacted exemption statutes which are patterned after the federal provisions. Thus, according to the Trustee, because the Legislature chose to follow the federal scheme in adopting Montana's statutes, the absence of a state statute similar to

3

§ 522(m) expressly providing debtors in a joint bankruptcy proceeding separate sets of exemptions indicates the Legislature's intent to limit joint debtors to a single set of exemptions. The Trustee relies on In re Talmadge (9th Cir. 1987), 832 F.2d 1120, in support of this proposition.

¶10     In Talmadge, the Ninth Circuit Court of Appeals addressed whether joint debtors may take separate sets of exemptions under California state law and concluded that they may not. Talmadge, 832 F.2d at 1125. In reaching this conclusion, the court observed that, although California's statutory exemption scheme was patterned after 11 U.S.C. § 522, the state had not adopted a statute similar to § 522(m) allowing joint debtors to claim separate sets of exemptions and the absence of such a state statute indicated the California legislature's intent that joint debtors be limited to a single set of exemptions. Talmadge, 832 F.2d at 1123-24. However, the more substantive basis for the conclusion that joint debtors may not claim separate sets of exemptions was the existence of a California statute which expressly provided that married couples were limited to a single set of exemptions. Talmadge, 832 F.2d at 1124-25. Montana has no similar statute expressly limiting married joint debtors to a single set of exemptions. As a result, Talmadge is clearly distinguishable from the present case and is unpersuasive in our analysis of Montana law.

¶11     The debtors contend that, notwithstanding the absence of a state statute expressly echoing the language of § 522(m), the language used by the Legislature in creating Montana's bankruptcy exemptions indicates its intent that joint debtors be allowed separate sets of exemptions. We agree.

¶12    As stated above, § 31-2-106, MCA, provides that "an individual" may claim the exemptions referenced in subsections (1) through (3) of the statute "in any bankruptcy proceeding . . . ." An "individual" is defined variously as "[o]f or relating to an individual, especially a single human . . . [b]y or for one person . . . [a] single human considered apart from a society or community . . . [a] human regarded as a unique personality . . . ." The American Heritage Dictionary 893 (4th ed. 2000). Thus, the statute provides that any single human may claim the listed exemptions regardless of the type of bankruptcy proceeding.

¶13    The Trustee contends, however, that the language used in the exemption statute at issue in this case, which relates to judgment debtors, indicates the Legislature's intent to limit joint debtors to a single set of exemptions. As the Trustee correctly observes, each portion of § 25-13-609, MCA, uses either the phrase "[a] judgment debtor" or "the judgment debtor." The Trustee also correctly points out that our rules of statutory construction state that, when interpreting statutory language, "[t]he singular includes the plural and the plural the singular." See § 1-2-105(3), MCA. Thus, according to the Trustee, the term "judgment debtor" as used in § 25-13-609, MCA, necessarily applies to both a single debtor and joint debtors, and limits joint debtors to a single set of exemptions totaling the aggregate values set forth in the statute.

¶14    The Trustee overlooks an additional rule of statutory construction. Section 1-2-102, MCA, provides that

       [i]n the construction of a statute, the intention of the legislature is to be
       pursued if possible. When a general and particular provision are inconsistent,

5

the latter is paramount to the former, so a particular intent will control a general one that is inconsistent with it.

In that regard, § 25-13-609, MCA, sets forth the personal property exemptions available to judgment debtors in general. It can apply in a variety of cases including, but not limited to, bankruptcy proceedings. On the other hand, § 31-2-106, MCA, is entitled "Exempt property--bankruptcy proceeding" and it sets forth the exemptions available to debtors upon filing a bankruptcy petition. Consequently, with regard to bankruptcy proceedings, § 31-2-106, MCA, is the more specific statute in that it relates directly to bankruptcy. Thus, to the extent any inconsistency exists between §§ 31-2-106 and 25-13-609, MCA, on the issue of whether joint debtors may claim separate sets of personal property exemptions, § 31-2-106, MCA, controls our interpretation here. As we concluded above, § 31-2-106, MCA, authorizes each "individual" to claim the allowable exemptions in any bankruptcy proceeding.

¶15    Moreover, this interpretation comports with the constitutional requirement in Montana that the Legislature enact liberal exemption laws and our case law that exemptions must be liberally construed in favor of debtors. See Art. XIII, § 5, Mont. Const.; MacDonald v. Mercill (1986), 220 Mont. 146, 151, 714 P.2d 132, 135. It is undisputed that, if a married couple filed separate bankruptcy petitions, each would be allowed to claim separate personal property exemptions pursuant to § 25-13-609, MCA. To construe our statutory exemption scheme as prohibiting the same debtors from claiming separate exemptions if they file a joint petition would penalize debtors who, in the interests of time, money and judicial economy, choose to file jointly.

6

¶16    Finally, § 25-13-609, MCA, provides that debtors are entitled to claim exemptions of their interest in various items of personal property. It is well-established that, where property is held jointly by two or more people, each person owns an equal share--or interest--in that property. See Matter of Estate of Garland (1996), 279 Mont. 269, 272, 928 P.2d 928, 930; Matter of Estate of Dern Family Trust (1996), 279 Mont. 138, 151, 928 P.2d 123, 131; § 70-1-307, MCA. Consequently, because each joint debtor maintains an interest in jointly held personal property, each may claim a separate exemption of his or her interest in that property pursuant to § 25-13-609, MCA, essentially "stacking" the two exemptions in one item of personal property. Conversely, where personal property is owned solely by one of the joint debtors, only the debtor with the ownership interest may claim an exemption for that property.

¶17    Based on the above discussion, we answer the certified questions as follows:

¶18    1. May joint debtors in a bankruptcy proceeding each claim separate personal property exemptions under Montana law? Yes.

¶19    2. May joint debtors in a bankruptcy proceeding each claim a separate exemption for a jointly owned item of personal property? Yes.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

/S/ PATRICIA COTTER

/S/ JIM REGNIER

7

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER

/S/ JIM RICE