No. 05-525

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 162

IN RE:  THOMAS O. MAYNARD and
LISA J. MAYNARD,

        Debtors.

ORIGINAL PROCEEDING:    Certified Question from:  The United States Bankruptcy Court
for the District of Montana,
Hon. Ralph B. Kirscher, presiding
Cause No. 05-61685-13

COUNSEL OF RECORD:

        For Debtors:

                Daniel S. Morgan; Morgan Law Firm, Missoula, Montana

        For Chapter 13 Standing Trustee:

                Robert G. Drummond, Attorney at Law, Great Falls, Montana

Submitted on Briefs:  June 21, 2006

Decided:  July 18, 2006

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Rule 44, M.R.App.P., the United States Bankruptcy Court for the District of Montana certified the following question to us:

> Under Montana's liberal construction of exemptions, is a debtor allowed, in addition to the exemptions claimed under § 25-13-609(1), MCA, an exemption pursuant to § 25-13-613(1)(b), MCA, for one gun based upon such subsection alone, or in conjunction with the definition of "militia forces" in Article VI, Section 13 of the Constitution of the State of Montana, where the debtor is not a member of the Montana National Guard, the Montana Home Guard or the organized militia of Montana, and is not required by law to keep any firearms?

We accepted the certified question by order filed on September 21, 2005. We now reformulate the question, pursuant to Rule 44(d), M.R.App.P., as follows:

> May a Montana debtor claim an exemption for a gun under § 25-13-613(1)(b), MCA, in addition to exemptions allowed and claimed under § 25-13-609(1), MCA?

For the reasons set forth below, we answer the question "yes."

## BACKGROUND

¶2 Thomas O. Maynard and Lisa J. Maynard, a married couple referred to hereinafter as "the debtors," filed a joint Chapter 13 bankruptcy petition in May of 2005. The parties have stipulated that the debtors are able-bodied, neither is a member of the National Guard, the Montana Home Guard or the organized militia of Montana, and neither is required by law to keep any firearms.

¶3 The debtors' itemized list of their personal property for the bankruptcy proceeding includes a "Remington 722 257 Roberts" firearm valued at $420 and a "Winchester 70 375" valued at $725. The debtors claimed the two firearms as property exempt from execution of

2

judgment pursuant to § 25-13-613(1)(b), MCA. The bankruptcy trustee objected to the debtors' claimed exemptions of the two firearms. Because there is no controlling appellate decision, constitutional provision or statute, the Bankruptcy Court certified the question of law to us.

## STANDARDS OF REVIEW

¶4 Article XIII, Section 5 of the Montana Constitution requires the Legislature to enact liberal homestead and exemption laws, and our jurisprudence establishes that courts will liberally construe exemption laws in favor of debtors where legislative intent is not clear. *See, e.g., In re Zimmerman*, 2002 MT 90, ¶ 15, 309 Mont. 337, ¶ 15, 46 P.3d 599, ¶ 15 (citation omitted); *MacDonald v. Mercill* (1986), 220 Mont. 146, 151, 714 P.2d 132, 135 (citation omitted); *Neel v. First Federal Sav. and Loan Assoc. of Great Falls* (1984), 207 Mont. 376, 383, 675 P.2d 96, 100 (citation omitted).

¶5 In interpreting a statute, we first look to the plain meaning of the words used. When the language of a statute is plain, unambiguous, direct and certain, the statute speaks for itself and no further interpretation is required. It is not a court's function to insert what has been omitted or omit what has been inserted; instead, our function is to ascertain and declare what, in terms of substance, is contained therein. *Matter of Estate of Langendorf* (1993), 262 Mont. 123, 125-26, 863 P.2d 434, 436 (citations omitted). In addition, we interpret a statute by viewing it in the statutory context in which it appears. *See Orr v. State*, 2004 MT 354, ¶ 25, 324 Mont. 391, ¶ 25, 106 P.3d 100, ¶ 25 (citation omitted). Finally, in matters of statutory interpretation, the text of a statute takes precedence over the heading. *See Orozco v. Day* (1997), 281 Mont. 341, 348, 934 P.2d 1009, 1013 (citation omitted).

DISCUSSION

¶6      May a Montana debtor claim an exemption for a gun under § 25-13-613(1)(b), MCA, in addition to exemptions allowed and claimed under § 25-13-609(1), MCA?

¶7      The filing of a bankruptcy case creates a bankruptcy estate composed of all the legal and equitable interests of the debtor.  11 U.S.C. § 541(a).  Federal law enumerates property which a debtor in a bankruptcy proceeding may claim as exempt from the bankruptcy estate.  *See* 11 U.S.C. § 522(b).  A state may choose to opt out of the exemption plan set forth in the federal bankruptcy statute, however, and Montana has done so via § 31-2-106, MCA.  Debtors who live in an "opt out" state like Montana may claim the exemptions provided under state law.  *See* 11 U.S.C. § 522(b)(3)(A).

¶8      Section 31-2-106, MCA, provides that property which is exempt from execution of judgment under Title 25, Chapter 13, part 6, MCA, is exempt from a bankruptcy estate.  Section 25-13-609(1), MCA, provides that a judgment debtor's interest in up to $4,500 in aggregate value or $600 in any one item of property--specifically including firearms--is exempt from execution.  The debtors in the present case rely on an exemption provided at § 25-13-613, MCA.  That statute provides, in pertinent part:

> (1) **In addition to the property mentioned in 25-13-609(1), there shall be exempt to all judgment debtors the following property**:
>
> . . .
>
> (b)  all arms, uniforms, and accouterments required by law to be kept by any person **and one gun to be selected by the debtor**[.]   [Emphasis supplied.]

¶9      The bankruptcy trustee contends § 25-13-613(1)(b), MCA, only allows an exemption

4

for a gun which is "necessary to carry out governmental functions," because the heading of § 25-13-613, MCA, is "Property necessary to carry out governmental functions." He relies on *Department of Revenue v. Puget Sound Power & Light Co.* (1978), 179 Mont. 255, 587 P.2d 1282, for the proposition that the title of a statute is presumed to indicate the Legislature's intent. His reliance is misplaced.

¶10     The portion of *Puget Sound* upon which the trustee relies relates to the title of a legislative act. An "act" is not a specific statute. It is the Legislature's way of giving notice of what a piece of legislation covers and intends. In *Puget Sound*, the title was "An Act *** Broadening the Definition of New Industrial Property." *See Puget Sound*, 179 Mont. at 263, 587 P.2d at 1287. The trustee provides no authority for the notion that the exemption at issue here originated as the title of a legislative act. Moreover, the specific statutory exemption for "one gun" dates back to 1895. *See* § 1222 Mont. C. Civ. Pro. (1895). At one time, the statute containing the "one gun" exemption was headed "Specific exemptions." The statutory heading referencing "governmental functions" was added in 1978 during recodification from the RCM to the MCA. *Compare* 93-5814, RCM (1947) *with* § 25-13-613, MCA (1978). Stated simply, the "governmental functions" language was not enacted by the Legislature.

¶11     As noted above, the text of a statute takes precedence over the heading for purposes of statutory interpretation. *See Orozco*, 281 Mont. at 348, 934 P.2d at 1013. The exemptions under § 25-13-613, MCA, are available "to all . . . debtors" "[i]n addition to the property mentioned in 25-13-609(1)." Subsection (1)(b) exempts "all arms, uniforms, and accounterments required by law to be kept by any person and one gun to be selected by the

5

debtor." The first portion of the subsection lists certain items a person is required by law to keep; the second allows "one gun to be selected by the debtor." The two clauses are joined by the conjunction "and," which indicates they are separate exemptions allowed to the debtor. The term "governmental functions" in the statute's heading cannot take precedence over--or limit--the Legislature's clearly stated exemption for "one gun to be selected by the debtor."

¶12 The bankruptcy trustee also argues that allowing an exemption for a gun under § 25-13-613(1)(b), MCA, merely duplicates the exemption allowed under § 25-13-609, MCA, under which firearms may be included. The trustee points out that, under § 1-2-101, MCA, courts must give effect to all provisions of a statute if possible, and urges us to conclude that the Legislature did not intend to merely duplicate § 25-13-609, MCA.

¶13 The trustee's argument is not persuasive. Indeed, the conclusion he urges would result in not giving effect to all exemptions allowed by the statutes. Section 25-13-609(1), MCA, provides for a broad array of exemptions--only one of which is "firearms" --within specific monetary limits. Section 25-13-613, MCA, specifically provides that its exemptions are "[i]n addition to the property mentioned in 25-13-609(1)." Thus, on its face, the "one gun" exemption is not merely duplicative, but is "in addition to" the exemptions provided in § 25-13-609(1), MCA. No liberal construction is necessary here.

¶14 We hold that, pursuant to the plain language of § 25-13-613(1)(b), MCA, a Montana debtor may claim an exemption for one gun in addition to exemptions allowed and claimed under § 25-13-609(1), MCA. Having reformulated and answered the certified question, we need not address the other arguments made by the parties.

/S/ KARLA M. GRAY


We concur:

/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS