No. OP 06-0208

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 308

IN RE MARY A. SNYDER,

Debtor.

ORIGINAL PROCEEDING: Certified Question from The United States Bankruptcy
Court for the District of Montana, Cause No. 05-64344-7
Hon. Ralph B. Kirscher, presiding.

COUNSEL OF RECORD:

For Appellant:

James J. Screnar; Screnar Law Firm, Bozeman, Montana

For Respondent:

Ross P. Richardson; Henningsen, Vucurovich & Richardson, PC,
Butte, Montana

Submitted on Briefs:  August 9, 2006

Decided:  November 29, 2006

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      The United States Bankruptcy Court for the District of Montana has certified the following question to this Court pursuant to M. R. App. P. 44:

> Under Montana's liberal construction of exemptions, is a debtor allowed to trace proceeds from the sale of the debtor's home when the debtor had not filed a homestead declaration prior to selling the home?

We accepted the certified question by order filed on March 22, 2006. For the reasons set forth below, we answer the question "yes, if the homestead is otherwise eligible for exemption pursuant to § 70-32-216, MCA."

## BACKGROUND

¶2      Mary A. Snyder filed a Chapter 7 bankruptcy petition on October 12, 2005. She claims a right to exempt $22,000 in proceeds traceable to the sale of a Bozeman, Montana, home from the bankruptcy estate, under Montana's statutory homestead exemption.

¶3      Snyder had sold the home for which she claimed the homestead exemption in February of 2005, some six months before she filed her bankruptcy petition. In the declaration of homestead she filed on September 29, 2005, she stated she resided at the home but she listed her address as one other than that for which she claimed the homestead exemption. For purposes of our consideration of the certified question, Snyder has stipulated that, at the time she filed her declaration of homestead, she "resided at" a different address than the address for which she was filing the homestead declaration. The bankruptcy trustee claims the homestead exemption is invalid.

¶4      The bankruptcy court determined no controlling appellate decision, constitutional provision or Montana statute answers the question of whether Snyder may claim the

2

homestead exemption. For that reason, the bankruptcy court certified the question of law to this Court.

## DISCUSSION

**¶5 Under Montana's liberal construction of exemptions, is a debtor allowed to trace proceeds from the sale of the debtor's home when the debtor had not filed a homestead declaration prior to selling the home?**

¶6 The filing of a bankruptcy petition under Title 11 of the United States Code creates an estate consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). In a Chapter 7 bankruptcy, property deemed an asset of the bankruptcy estate may be administered by the bankruptcy trustee for the benefit of the creditors unless the debtor is entitled to remove the property from the bankruptcy estate through the exemption process. *See* 11 U.S.C. §§ 323, 522, 541.

¶7 Property which may be exempted from the bankruptcy estate is set forth at 11 U.S.C. § 522. Montana has exercised its option under 11 U.S.C. § 522(b)(3)(A) to opt out of the federal exemption plan, however, and grant bankruptcy exemptions based on state law. Exemptions allowed under Montana law include the Montana homestead exemption set forth in Chapter 32 of Title 70, MCA. *See* § 31-2-106(1), MCA.

¶8 Montana law has long allowed a homestead exemption for "the dwelling house or mobile home, and all appurtenances, in which the claimant resides, and the land, if any, on which the same is situated, selected as provided in this chapter." Sections 70-32-101 and -201, MCA. The maximum amount allowed as a homestead exemption has been raised several times over the years; since 2001, the maximum is $100,000. Section 70-32-104, MCA. To obtain the benefit of the homestead exemption, the homeowner must file a

3

declaration of homestead with the county clerk and recorder's office. The declaration must contain a description of the premises and a statement that the declarant resides there and claims it as a homestead. *See* §§ 70-32-105, -106 and -107, MCA. Under the homestead exemption, up to $100,000 in proceeds of the sale of a homestead are protected for 18 months after a judgment execution sale. *See* § 70-32-213, MCA.

¶9 In 1987, the Montana Legislature enacted general revisions to laws relating to property exempt from execution. 1987 Mont. Laws 595. Section 6 of those revisions, which is codified as § 70-32-216, MCA, provides for protection of proceeds traceable to property. It states:

> **Tracing homestead proceeds**. (1) If property or a part of property that could have been claimed as an exempt homestead has been sold or taken by condemnation, as provided in Title 60, chapter 4, or Title 70, chapter 30, or has been lost, damaged, or destroyed and the owner has been indemnified for the property, the owner is entitled for 18 months to exemption of the proceeds that are traceable.
>
> (2) Proceeds are traceable under this section by application of the principles of first-in first-out, last-in first-out, or any other reasonable basis for tracing selected by the judgment debtor.

Section 70-32-216, MCA.

¶10 This provision changes Montana's traditional homestead exemption in two significant ways. First, it expands the kinds of proceeds which may be protected by the exemption. While § 70-32-213, MCA, only protects proceeds from a judgment execution, § 70-32-216, MCA, also protects proceeds from properties which have been "*sold* or taken by condemnation . . . or had been lost, damaged or destroyed[.]" (Emphasis added.) Second, it provides protection for traceable proceeds from such properties if the properties "*could have*

4

*been claimed* as an exempt homestead" (emphasis added) at the time of disposal. This statutory change created the right to claim a homestead exemption, in the delineated circumstances, after the property has been disposed of, and after the person claiming a homestead exemption has vacated the property.

¶11    In arguing against allowing Snyder's claimed homestead exemption, the bankruptcy trustee relies upon another statutory provision which the 1987 Montana Legislature did not amend when it enacted § 70-32-216, MCA. Section 70-32-106, MCA, requires that "[t]he declaration of homestead must contain a statement that the person making it is residing on the premises[.]" That requirement does not appear to allow for a declaration of homestead as to premises where the declarant no longer resides.

¶12    In this respect, while §§ 70-32-106 and -216, MCA, do not expressly conflict, they are inconsistent. We must resolve that inconsistency.

¶13    As Snyder points out, the Montana Constitution directs the Montana Legislature to enact liberal homestead and exemption laws. *See* Mont Const. art. XIII, § 5. As she further points out, exemption laws should be liberally construed in the debtor's favor. *See, e.g., In re Zimmermann*, 2002 MT 90, ¶ 15, 309 Mont. 337, ¶ 15, 46 P.3d 599, ¶ 15 (citation omitted). Moreover, when interpreting several provisions, we must adopt a construction, if possible, which gives effect to all. Section 1-2-101, MCA. Applying these rules of statutory construction, we conclude that while the statement required in a declaration of homestead pursuant to § 70-32-106, MCA, does not reflect the possibility that a person may no longer reside on a premises which nevertheless may be claimed as a homestead pursuant to § 70-32-216, MCA, that in itself does not invalidate a homestead declaration filed under § 70-32-216,

5

MCA. We invite the Legislature's attention to this inconsistency.

¶14 The answer to the certified question is "yes, if the homestead is otherwise eligible for exemption pursuant to § 70-32-216, MCA."

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JIM RICE