## SYNOPSIS OF THE CASE

**2011 MT 257, DA 11-0203**:  In re **MICHAEL ROBERT HOLZAPFEL, LYNN A. HOLZAPFEL**, debtors.[1]

The Honorable Ralph B. Kirscher, United States Bankruptcy Judge for the District of Montana, has referred a question of law to the Montana Supreme Court.

The Court held that debtors in bankruptcy may not claim that an ATV is an exempt sporting good pursuant to § 25-13-609(1), MCA.  For the purposes of personal property exempt from execution under Montana law, a four-wheeled all-terrain vehicle (ATV) is a "motor vehicle" and not a "sporting good."

Title 25, Chapter 13, part 6, MCA, provides for certain classes of property held in the bankruptcy estate that are exempt from execution of judgment.  A debtor may exempt $4,500 worth of sporting goods, not to exceed $600 per item.  Similarly, a debtor may exempt one motor vehicle worth up to $2,500.  The Holzapfels contended that their ATV fell under the exemption for "firearms and other sporting goods."

The Montana Supreme Court held that an ATV is a "motor vehicle" under Montana's motor vehicle code.  An ATV is subject to registration and title requirements that do not apply to "firearms and sporting goods."  Since the Legislature provided a specific and separate exemption for a "motor vehicle," it follows that the exemption for "firearms and other sporting goods" was not intended to include motor vehicles.

The dissent would hold that an ATV is a sporting good for exemption purposes, citing Article XIII, Section 5 of the Montana Constitution, requiring the Legislature to enact liberal homestead and exemption laws.

---

[1] This synopsis has been prepared for the convenience of the reader.  It constitutes no part of the Opinion of the Court and may not be cited as precedent.

No. OP 11-0203

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 257

IN RE:  MICHAEL ROBERT HOLZAPFEL and
LYNN A. HOLZAPFEL,

        Debtors.

ORIGINAL PROCEEDING: Certified Question from The United States Bankruptcy
Court for the District of Montana
Cause No. 10-62842-7
Hon. Ralph B. Kirscher, presiding

COUNSEL OF RECORD:

        For Debtors:

            William L. Managhan; Managhan Law Firm, Kalispell, Montana

        For Chapter 7 Trustee:

            Christy L. Brandon; Brandon Law Firm, Bigfork, Montana

Submitted on Briefs:  September 7, 2011

Decided:  October 13, 2011

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    This is an original proceeding brought to this Court pursuant to M. R. App. P. 15(3) on a certified question from the Honorable Ralph B. Kirscher, United States Bankruptcy Judge for the District of Montana. The question of law is: Whether, under Montana's liberal construction of exemptions, Debtors may claim an exemption in a Yamaha 4 wheel all-terrain vehicle ("ATV"), as a sporting good pursuant to § 25-13-609(1), MCA. This Court accepted the certified question on April 19, 2011.

¶2    The undisputed facts, supplied by the Bankruptcy Court, are as follows:

> 1. Debtors are joint debtors and this is a joint case.
> 2. Debtors filed their bankruptcy case on December 13, 2010.
> 3. The Debtors' Amended Schedule B itemizing their personal property lists at paragraph 25 a 2006 Yamaha 4 wheel ATV. Schedule C lists Debtors' exemptions, including an exemption in the 2006 Yamaha ATV claimed exempt as "Sporting Goods" pursuant to MCA § 25-13-609(1).
> 4. The Trustee objected to Debtors' claim of exemption under § 25-13-609(1) on the grounds that the sporting goods exemption does not apply to an ATV.
> 5. Debtors responded to the Trustee's objection asserting that, under the liberal construction of Montana exemption statutes provided at Article XIII, Section 5 of the Montana Constitution, and the plain language of § 25-13-609(1), their ATV should be exempt as a sporting good.

The Bankruptcy Court requests an answer to the question.

¶3    Article XIII, Section 5 of the Montana Constitution requires the Legislature to enact liberal homestead and exemption laws, which the courts will liberally construe in favor of debtors where the legislative intent is not clear. *In re Maynard*, 2006 MT 162, ¶ 4, 332 Mont. 485, 139 P.3d 803. Liberal construction may not, however, disregard the

2

plain mandate of the legislature. *MacDonald v. Mercill*, 220 Mont. 146, 151, 714 P.2d 132, 135 (1986); § 1-2-101, MCA.

¶4    Section 25-13-609, MCA, provides:

> A judgment debtor is entitled to exemption from execution of the following:
>        (1) the judgment debtor's interest, not to exceed $4500 in aggregate value, to the extent of a value not exceeding $600 in any item of property, in . . . firearms and other sporting goods . . . ;
>        (2) the judgment debtor's interest, not to exceed $2500 in value, in one motor vehicle[.]

The Holzapfels contend that their ATV falls under the exemption for "firearms and other sporting goods."

¶5    The parties have focused their arguments on whether an ATV is a "sporting good" under § 25-13-609(1), MCA. However, an ATV is a "motor vehicle" under Montana law, and consequently it falls under the specific "motor vehicle" exemption provided in § 25-13-609(2), MCA. Section 61-1-101(46), MCA (2011), defines "motor vehicle" as a "vehicle propelled by its own power," and includes a "quadricycle if it is equipped for use on the highways." A quadricycle can be for both highway and off-highway use, and is characterized as a motor vehicle even if designed for off road use. Section 61-1-101(50), MCA (2011).[1] As a quadricycle, the ATV is subject to registration and title requirements. Sections 61-3-201; -313(2); and -321(8), MCA. Under Montana law, the meaning of a word or phrase defined in the code is applicable wherever that word or

---

[1] The cited definitions in subsections (46) and (50) of § 61-1-101, MCA, were renumbered in the 2011 publication of the Montana Code Annotated. In the 2009 edition of the code, those same subsections were numbered (40) and (44) respectively. The definition of "off-highway vehicle" remained unchanged from 2009 to 2011, but the definition of "motor vehicle" was amended in ways that do not affect the outcome of this case.

phrase occurs "except where a contrary intention plainly appears." Section 1-2-107, MCA. Therefore, the cited definitions in Title 61 apply to the phrase "motor vehicle" in Title 25.

¶6     These registration and title requirements applicable to "motor vehicles" are not applicable to "firearms or other sporting goods." Since the Legislature has provided a specific and separate exemption for a "motor vehicle," it follows that the exemption for "firearms and other sporting goods" was not intended to include motor vehicles. This Court must apply the plain mandate of the legislature. *MacDonald*, 220 Mont. at 151, 714 P.2d at 135; *Friends of the Wild Swan v. Dep't. of Natural Resources & Cons.*, 2005 MT 351, ¶ 13, 330 Mont. 186, 127 P.3d 394; § 1-2-101, MCA (the role of the court is to ascertain and declare the terms and substance of a statute, striving to adopt a construction giving effect to all provisions).

¶7     Therefore, the answer to the certified question is that under Montana law the Debtors may not claim an exemption in a Yamaha 4 wheel all-terrain vehicle as a sporting good pursuant to § 25-13-609(1), MCA.

/S/ MIKE McGRATH

We concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE
/S/ BRIAN MORRIS

4

Justice Michael E Wheat dissents.

¶8     Article XIII, § 5 of the Montana Constitution provides that "[t]he legislature shall enact liberal homestead and exemption laws."  Furthermore, we are committed to "liberally construe exemption laws in favor of debtors where legislative intent is not clear."  *In re Maynard*, 2006 MT 162, ¶ 4, 332 Mont. 485, 139 P.3d 803 (citing *In re Zimmerman*, 2002 MT 90, ¶ 15, 309 Mont. 337, 46 P.3d 599; *MacDonald v. Mercill*, 220 Mont. 146, 151, 714 P.2d 132, 135 (1986); *Neel v. First Federal Savings and Loan Association of Great Falls*, 207 Mont. 376, 383, 675 P.2d 96, 100 (1984)).

¶9     The question here is whether an ATV qualifies for exemption under § 25-13-609(1), MCA, as a "sporting good."  The majority relies on the definition of a "motor vehicle" to include a quadricycle (§ 61-1-101(46), MCA (2011)), and the registration and title requirements attendant thereto, to disqualify an ATV as a "sporting good."  I think the majority's analysis is too restrictive.  There are thousands of farmers, ranchers, hunters, and other outdoor sports enthusiasts who use ATVs as an integral part of their outdoor activities.  A hunter riding his ATV into the back country with his hunting rifle is certainly using his firearm "and other sporting goods."  ATV club members trailering their ATVs to a back country trailhead for a group ride in the mountains could be considered as recreating with sporting goods.

¶10    Such liberal construction was recognized by Bankruptcy Judge Peterson in *In re Mutchler*, 95 B.R. 748 (D. Mont. 1989).  In *Mutchler*, the debtor claimed an exemption under § 25-13-609(1), MCA, in a boat, a boat trailer, a snowmobile, and a motorcycle.  In allowing these exemptions, the court reasoned:

> Thus, I conclude that under [§] 25-13-609(1) [, MCA,] any item of property may be exempt up to $600.00, provided the entire exemption for all items of property including those specifically enumerated does not exceed $4,500.00 in the aggregate. I believe this interpretation comports with legislative intent and clearly eliminates much controversy over what particular items may be claimed as exempt. Since each item of property claimed exempt by Bonnie Mutchler, except the 1970 Silverline boat and Yamaha motorcycle is less than $600.00, those items are properly exempt under § 25-13-609(1) [,MCA]. As to the boat and motorcycle, those items will be turned over to the Trustee for sale, whereupon Bonnie Mutchler will be given a credit for $600.00 in each item as her exemption.

*Mutchler*, 95 B.R. at 755. Although Judge Peterson was extending the exemption to a boat, trailer, snowmobile, and motorcycle rather than an ATV, the same logic applies in this case.

¶11 People who are forced to file for bankruptcy are entitled to a fresh start. Part of that fresh start, as recognized by our Constitution, is a liberal construction of the exemption laws. For these reasons, I would allow the exemption in the ATV.

/S/ MICHAEL E WHEAT

Justice James C. Nelson joins in the foregoing dissent.

/S/ JAMES C. NELSON

6